## Starke *v.* The State.

97  193
o119 447

*Atkinson, J.*—1. Whether an accusation in a city court charging a married man with adultery would or would not be invalid because founded upon an affidavit made by his wife, yet where it does not appear on the face either of the accusation or the affidavit that the prosecutrix was the wife of the accused, the objection to the accusation could not be made by demurrer before trial or by motion in arrest of judgment after conviction.

2. There was sufficient evidence to warrant the verdict of guilty, and the same having been approved by the trial judge, a new trial will not be granted.              *Judgment affirmed.*

*Simmons, C. J.*, dissenting.—I dissent from the judgment rendered in this case, for the reason stated in the case of *Eldridge* v. *The State*, decided this day, the evidence in both cases being substantially the same.

May 13, 1895.

Accusation of adultery.   Before Judge Proffitt.   City court of Elbert county.   March term, 1895.

Anderson Stárke was tried upon an accusation sworn to by Alice Starke, charging him with adultery with Rachel Edwards, a married woman.   Ampy Eldridge testified that he and Rachel Eldridge were man and wife, but were living separately; and that defendant claimed Alice Starke, the prosecutrix, as his wife, and they did live together as man and wife.   Wilhite testified, that he had defendant and Rachel Edwards (pointing out Rachel Eldridge, and saying he thought her name was Rachel Edwards) employed on his place; that there was but one room on the place for them to stay in, a cabin twelve feet square, which was given to Rachel Edwards to live in, but defendant lived there with her; that his duties called him to be on the place; that he had frequently gone into the house at night and come out in the morning; and that there was only one bed in the house.

Defendant introduced no evidence, and made no statement.   After conviction he moved for a new trial on the general grounds; and because the court overruled his de-

v 97–13

murrer to the accusation, and his motion in arrest of judgment, each upon the ground that the accusation was not based upon a legal affidavit, the law prohibiting husband or wife from swearing against each other in any action or proceeding instituted in consequence of adultery.

*W. D. Tutt,* for plaintiff in error.    *H. J. Brewer,* solicitor, by *Harrison & Peeples,* contra.