## JOHNSON *v.* JOHNSON.

1. In cases of divorce it is the office of the judge, and not the jury, to determine in whose custody the minor children of the marriage shall be placed; and where there is no exception to the decree, the discretion of the judge in awarding the custody of a child to one of the parents can not be brought under review.

2. A husband may be decreed to pay permanent alimony, although he may not have property either at the time of the filing of the libel for divorce or at the time of the trial, if it appears that he has an earning capacity.

3. Notwithstanding a wife may have accepted a sum of money from the husband in full settlement of alimony, the jury may, on the final verdict in the divorce case, allow a reasonable amount for the support of a minor child of the marriage, where by the terms of such settlement no provision is made for the support of the child.

4. Where on the final trial of a divorce case it appears that a wife has barred herself of the right to demand permanent alimony, because of a settlement had with the husband, in which no provision is made for a child of the marriage, such settlement is not to be considered by the jury in estimating the allowance to a child which has not previously been awarded to her by decree of the court.

5. Where on the trial of a libel for divorce, in which alimony is asked for the wife and a minor child, the evidence is undisputed that the wife had entered into an agreement with the husband and his father whereby a certain sum of money had been accepted by the wife in full settlement of permanent alimony, and that the husband had no property, trade, or profession, and his earning capacity was that of an ordinary farm laborer, an award of alimony to the child by the jury of the full amount of the husband's earning capacity is excessive.

Submitted May 26,—Decided November 24, 1908.

Divorce.   Before Judge Worley.   Warren superior court.   November 6, 1907.

*B. F. Walker* and *E. P. Davis,* for plaintiff in error.

*L. D. McGregor* and *M. L. Felts,* contra.

EVANS, P. J.   After living together in the marital relation for eighteen months Sybil Johnson separated from her husband, J. L. Johnson, because of his cruel treatment of her.   She instituted a suit against him for an allowance of permanent alimony, and a suit for $200 borrowed money, and also procured a warrant for

wife-beating to be issued against him.  Pending these proceedings
the wife, the husband, and the husband's father entered into a
written agreement whereby the husband paid to the wife $500 in
full settlement of her claim for permanent alimony, $200 for bor-
rowed money, $100 for counsel fees, and the court costs; these
various sums aggregating $835.  In this settlement no mention
was made of the child of the marriage, then an infant in the cus-
tody of the mother.  Thereafter the wife filed her libel on the
ground of cruel treatment, praying for a total divorce, alimony
for herself and child, and the custody of the child.  On the final
trial a verdict was rendered in favor of the wife, granting her a total
divorce, and awarding to the child $10 per month, payable monthly,
for its support until it reached the age of sixteen years, the pay-
ment to be made to the ordinary of Warren county for the mother
of the child, to be used by her for the child's support.

1.  In his motion for a new trial the defendant complains that
the verdict should be set aside, because the custody of the child
of the marriage was awarded to the plaintiff.  The jury in their
verdict did not award the child to the custody of either parent.
The statute provides, that, in all cases of divorce granted, the
party not in default shall be entitled to the custody of the minor
children of the marriage; but that the court, in the exercise of a
sound discretion, after hearing both parties, may make a different
disposition of the children, withdrawing them from the custody
of either or both parties, and placing them, if necessary, in the
possession of guardians appointed by the ordinary.  Civil Code,
§2452.  This section of the code contemplates that the judge, and
not the jury, shall dispose of the children of the marriage.  If
the court should award the custody to the mother, and the father
desired to except to the decree in this particular, error should be
assigned upon the decree.  It is not a ground for a new trial.

2.  It appeared on the trial that the husband had no property,
and that he was not equipped to follow any trade or profession.
He was, however, a man of apparently robust health, capable of
performing manual labor upon a farm, and earning the usual
wages for such services.  He contends that, being without prop-
erty, the jury erred in awarding any support for the child.  It is
certainly a novel proposition that permanent alimony can only be
granted out of the estate of the husband, and not out of his wages

or his ability to earn. 'A husband is not excused from the support of his wife and children because he lacks an estate. If he has the capacity to labor, he should labor for their support; and if reluctant, he may be compelled by the court to do so.

3. A wife may enter into a voluntary settlement with her husband, and bind herself by accepting a provision from him in full satisfaction of all permanent alimony; and in the absence of fraud such settlement will be binding upon her, unless made with the intention of promoting a dissolution of the marriage relation. *Sumner* v. *Sumner,* 121 *Ga.* 1 (3), (48 S. E. 727). But the jury on the second or final verdict in a divorce case may allow alimony for the permanent support of the minor children of the marriage, although from any legal cause the wife may not be entitled to permanent alimony, where the children are not in the same category. Civil Code, §2463. Although the wife may have barred herself from having a provision for permanent alimony made for her in the final verdict, by an acceptance of a suitable provision made therefor by the husband in full satisfaction of such claim, still, where in such settlement no provision is made for the support of the children of the marriage, the settlement will not bar an allowance by the jury to the children in the final verdict.

4. On the trial the defendant proposed to prove by the plaintiff that she had a separate estate of 80 acres of land worth $800, and $700 of the money paid by him to her. The court allowed this testimony to go before the jury on the issue of allowing permanent alimony to the wife, but ruled that it should not be considered by the jury in making provision for the support of the child. A husband may voluntarily, by deed, make an adequate provision for the support and maintenance of his wife, consistent with his means and her former circumstances, which will be a bar to her right of permanent alimony, in a case of voluntary separation, or where the wife against her will has either been abandoned or driven off by her husband. In the absence of such provision, on the application of the wife a court of equity may by decree compel the husband to provide for such support of the wife and such minor children as may be in her custody. Civil Code, §§2464, 2465, 2466. As the support of the children is among the family expenses to meet which alimony is given, the wife's separate estate and the provision made by the husband for her may be con-

sidered in estimating the allowance for the support of the children of the marriage, in the wife's custody, in an equitable proceeding of this character. See, in this connection, *Campbell* v. *Campbell*, 90 *Ga.* 687 (16 S. E. 960); 2 Bishop on Mar. Div. & Sep. §1217. But where a divorce suit is pending, .the Civil Code, §2462, prescribes another mode of obtaining the allowance for the support of the children. This section is as follows: "If the jury, on the second or final verdict, find in favor of the wife, they shall also, in providing permanent alimony for her, specify what amount the minor children shall be entitled to for their permanent support; and in what manner, how often, and until when, it shall be paid; and this they may also do, if, from any legal cause, the wife may not be entitled to permanent alimony, and the said children are not in the same category; and when such support shall be thus granted, the husband shall likewise not be liable to third persons for necessaries furnished the children embraced in said verdict who shall be therein specified." As has already been pointed out, it is the office of the judge, and not of the jury, to award the custody of the children of the marriage, and this function is usually discharged by the judge in entering the decree on the final verdict in the divorce case. Besides, the quoted code section contemplates that a provision for the support of the child shall be made by the jury independently of the wife's allowance. It would seem that, inasmuch as it is undetermined at the time the verdict is rendered which one of the parents shall have the custody of the children, or whether they will be awarded to a stranger, the voluntary settlement by the wife of her right to alimony, or the amount of her property, should not be considered by the jury in fixing their support. The section in terms provides that where the jury grants a support to the children, the husband is relieved of all liability to third persons for necessaries furnished them. The jury can not anticipate the decree of the court, and should not consider the provision which the husband has made for the wife's permanent alimony. If in a contest between the husband and the wife, prior to the second verdict, the child has been awarded by the decree of the court to the wife, and that fact is made to appear on the trial of the case, the rule might be otherwise. But if the custody of the children is undetermined at the time of the second verdict, and the judge should see fit to award

their custody to a third person, since the husband is absolved .from the duty of their further support, it would be a. gross wrong to them to have their provision lessened by what the husband had done for the wife. This may be a harsh rule for the husband, but such is the plain meaning of the statute; and to prescribe a different rule would not only be violative of the statute, but would be unfair to the minor children.

5. Another ground of the motion complains that the provision made for the support of the child is grossly excessive under the undisputed facts of the case. It appeared on the trial that the wife had entered into an agreement with the husband and his father, whereby a certain sum of money had been accepted by the wife in full settlement of permanent alimony. At the time of this settlement the husband was possessed of property not exceeding in value $420. This property the husband turned over to his father when the latter paid to the wife $835 as stipulated in the contract of settlement. It was not controverted that the defendant was a man without a trade or profession, and had no property or other means of support except his ability to work as a farm laborer, and that $10 per month was the extent of his earning capacity as such. The evidence did not disclose that the husband had any estate in expectancy, or that there would be any future increase in his earning capacity. The husband is obliged to live; and if his entire earning capacity is appropriated to the support of his child, it would be impossible for him to comply with the court's decree; and for this reason we think the allowance was excessive. On the next trial additional evidence may be produced that the husband possesses a greater earning capacity than was shown on the last trial. There was no conflict in the evidence upon which the wife relied for a divorce. In reversing the judgment refusing a new trial, direction is given that on the next trial the issue be limited to the amount which should be allowed to the child as a support, and, inasmuch as it appears that the child of the marriage has been awarded by the court to the plaintiff, that the court allow in evidence, for the consideration of the jury, proof of the wife's separate estate and its value, and any provision which the defendant has previously made for the plaintiff in settlement of her claim for permanent alimony.

*Judgment reversed, with direction. All the Justices concur.*