## JANSEN v. JANSEN.

1. The court was not without jurisdiction. Though ordinarily the domicile of the wife is the residence occupied by her husband, the husband may select the domicile of the wife; and where she takes up her residence in accordance with his direction and remains at the place to which he sends her, because of her inability to return to him, under these circumstances the domicile of the wife is fixed by the command of her husband and is continued by the necessities of the case.

2. The evidence authorized the trial judge to find that after sending his wife from Detroit, Mich., to Atlanta, Ga., the defendant completely abandoned and deserted her, and that this desertion continued for more than three years without fault upon the part of the wife.

3. In view of the fact that the undisputed testimony showed that the ordinary earning capacity of the defendant was $175 per month, the allowance of $30 per month as temporary alimony, and $100 as attorney's fees to be paid in partial payments, was not excessive nor an abuse of discretion, although the defendant was temporarily out of employment, having lost the position in which he was employed at the time, by reason of the ne exeat. Especially is this true in view of the fact that the defendant did not attempt to show that he owned no property. *Sweat v. Sweat*, 123 *Ga.* 801 (51 S. E. 716) ; *Parks v. Parks*, 126 *Ga.* 437 (55 S. E. 176) ; *Stokes v. Stokes*, 127 *Ga.* 160 (56 S. E.

303). Nothing ruled herein is in conflict with the decision in *Pace v. Pace,* 154 *Ga.* 712 (115 S. E. 65).

No. 4462. MARCH 11, 1925. REHEARING DENIED JULY 18, 1925.

Temporary alimony. Before Judge E. D. Thomas. Fulton superior court. May 16, 1924.

*Neufville & Neufville,* for plaintiff in error.

*R. E. Church* and *Virlyn B. Moore,* contra.

RUSSELL, C. J. 1. There are three questions raised in this case. First, whether the court had jurisdiction. The defendant is residing in Detroit. As a traveling salesman he occasionally visits the city of Atlanta in making his tours throughout the country. The plaintiff has lived in Atlanta for the past several years. Almost every other fact in issue is in sharp conflict between the petitioner and the defendant, who were the only witnesses introduced. The petitioner commenced, in Fulton superior court an action for divorce, with prayers for temporary and permanent alimony. Efforts were made to serve the defendant, but these were unsuccessful, until the defendant's second or third visit to Atlanta, when the petition was amended by a prayer for the writ of ne exeat, and he was served and required to give a bond of $1000, which forced his appearance before the court. Did the superior court of Fulton County have jurisdiction of this traveling salesman? The wife testified that he failed to supply her with the necessaries of life at their home in Detroit, and kept her without food for two days, when he bought for her a ticket to Atlanta and directed her to come to Atlanta in 1917. She had been in Atlanta ever since. She testified that during this entire period after sending her to Atlanta he had sent her only $10; and that though she had several times written to him that she was willing to live with him, he had made no movement towards having her to return to him. The evidence was conflicting as to whether he had written to her, because she testified she had received no letters. As a general rule, the residence of the husband is the residence of the wife. It is the right of the husband to select their residence, and the wife must abide his choice. In the present case, however, the judge was authorized by the evidence of the wife to find that the husband had fixed the wife's residence at Atlanta; that though he furnished her a railroad ticket to come to Atlanta, he had never at any time furnished her a sufficient amount to pay for her trans-

portation back to Detroit. Not only so, but under the provisions of section 2181 of the Code of 1910 the domicile of the husband, if he has no fixed place of abode, is where his family (in this case the wife) resides. If the wife with the consent of her husband took up her residence at Atlanta, and he as a traveling salesman has no fixed place of abode, his domicile would be in Atlanta. The wife had resided in Fulton County for more than twelve months, and service can be perfected upon one who is only temporarily in the State; so the service was good; and, for the reasons stated as to the circumstances under which the wife was compelled to take up her residence at Atlanta, we think the court had jurisdiction.

2, 3.  The second and third headnotes do not require elaboration.          *Judgment affirmed.   All the Justices concur.*