SOPHIE BURKHART *v.* EUGENE BURKHART.

*(June* 26, 1937.)

RODNEY, J., sitting.

*Joseph Handler* for plaintiff.

Superior Court for New Castle County, Divorce, No. 62, March Term, 1936.

RODNEY, J., delivering the opinion of the Court:

At the hearing I was interested in the question as to the right of the plaintiff to establish such a separate domicile in Delaware as would enable her to bring her action for divorce. Upon examination and consideration of the authorities I am convinced that such right exists.

It is, of course, true that at common law, upon marriage, the legal domicile of the wife merged into that of the husband as a legal sequence of the marriage contract. It is equally true that the rule was based upon the supposed unity of husband and wife, and many cases hold that when the marriage unity has been threatened or destroyed that the Rule, in such cases, no longer obtains. Consequently many cases in America hold that for purposes of divorce or separation a wife may acquire a separate domicile in a state or country different from that of the matrimonial domicile. It is unnecessary in this case to consider these authorities or the English and other cases holding to the contrary. They are largely collected in 39 *A. L. R.* 710 and in *Ann. Cas.* 1912 *D,* 397. It is equally unnecessary to analyze the cases to show that while, in many instances, the decision really rests upon the fact that the breach of the marriage unity in the matrimonial domicile was clearly attributable to the husband yet there is a clear tendency to extend to a wife that equality in selection of a domicile, after separation, that has always existed in the husband regardless of fault in the separation itself.

It is sufficient in this case to state that no decision has been found which would deny the right to establish a domicile under the facts here present. Where a husband agrees that his wife and children should remove into a new jurisdiction with the understanding that they should there

establish a home and that he would later follow, no reason can exist which would deny to such wife the right to rely upon the domicile thus created in the new jurisdiction.

In this case the wife with the express consent of her husband came to America in 1925. All three children came to America either with the wife or shortly after and since 1925 the home, if existent anywhere, was in America. It was understood that the husband was to follow and a ticket was procured for his passage. His subsequent refusal can not disestablish the domicile in Delaware, formed by his consent, and remand the wife to the old domicile in Germany.

Pertinent authorities are *Jansen v. Jansen,* 160 *Ga.* 618, 128 *S. E.* 902; *In re Geisers Will,* 82 *N. J. Eq.* 311, 87 *A.* 628; *Rinaldi v. Rinaldi,* 94 *N. J. Eq.* 14, 118 *A.* 685; *Saperstone v. Saperstone,* 73 *Misc.* 631, 131 *N. Y. S.* 241, 75 *A. L. R.* 1270.