## SHEPHERD *v.* SHEPHERD.

WYATT, Justice. The sole question for determination in this case is whether the trial court, acting without the intervention of a jury, erred in awarding permanent alimony to a wife and two children. On the question of alimony, the only evidence offered was that of the wife and the husband. The wife testified: "Some few months ago he had four taxicabs running. I do not know what he is doing at this time. I do not know what his income is; it must be a great deal, as he runs around a great deal with other women. He has married since we separated." The husband testified: "I am engaged in running one taxicab at my father's cab station. I hire it run. I do not do anything myself. I do hang around my father's station a good deal; he does not pay me

anything. My income is from $25 to $35 per week; it varies. I have no other income. I have been advised by my doctors not to work, owing to an injury I received while in the U. S. Army, an injury to my side. . . . I married again prior to the filing of this suit against me. I have no property at all." Permanent alimony was fixed at $35 per month for each of the children (one being five years old and the other a few months old), and $30 per month for the wife until she should remarry. It is the contention of the plaintiff in error that the award is excessive and without evidence to support it, and that the trial judge abused his discretion in fixing the amount of alimony. *Held:*

1. "A husband may be decreed to pay alimony, although he may not have property either at the time of the filing of the libel for divorce or at the time of the trial, if it appears that he has an earning capacity. . . A reasonable allowance under all the circumstances is proper, even though the husband at the time of the hearing may have no property or employment." *Hall* v. *Hall*, 195 *Ga.* 502 (195 S. E. 731). In the instant case the husband, by his own admission, was earning from $25 to $35 per week from a taxicab operated by his employee. Although he testified that he was not working, his testimony was insufficient to show conclusively that he is physically unable to work. There is evidence that a few months prior to the trial he was operating four taxicabs. Under the evidence adduced at the trial, this court can not say as a matter of law that the allowance of alimony was excessive or an abuse of discretion. See *Braswell* v. *Braswell*, 198 *Ga.* 753 (32 S. E. 2d, 773); *Burger* v. *Burger*, 196 *Ga.* 428 (26 S. E. 2d, 615); *West* v. *West*, 155 *Ga.* 366 (116 S. E. 540). *Judgment affirmed. All the Justices concur.*

No. 15618. November 13, 1946.

*J. T. Thomasson,* for plaintiff in error. *Duke Davis,* contra.