### 20096. HUBBARD *v.* HUBBARD.

CANDLER, Justice. In this divorce and alimony case, where cruel treatment was alleged as the ground therefor, the jury granted the plaintiff a divorce and required the defendant to pay her $126 per month for the support of their three small children, the oldest of whom was born in 1955. The defendant moved for a new trial on the usual general grounds, and by an amendment alleged that a new trial should be granted him because the amount awarded for the support of his children was excessive. His amended motion was denied, and the exception is to that judgment. *Held:*

1. From the evidence the jury was authorized to find, as it did, in favor of a divorce, and it is not argued in this court that the trial judge erred in refusing to grant a new trial as to that part of the verdict.

2. Since that part of the verdict which made an allowance for the support of the defendant's minor children has the approval of the trial judge, this court has no right to disturb it on the ground of excessiveness where its reasonableness as to the amount awarded has some support in the evidence. *Brown* v. *Pinson*, 140 *Ga.* 14 (78 S. E. 176); *Houseman* v. *Voak*, 157 *Ga.* 122 (121 S. E. 119); *Shepherd* v. *Shepherd*, 201 *Ga.* 525 (40 S. E. 2d 382). "A husband may be decreed to pay . . . alimony, although he may not have property either at the time of the filing of the libel for divorce or at the time of the trial, if it appears that he has an earning capacity." *Hall* v. *Hall*, 185 *Ga.* 502, 506 (195 S. E. 731). In the instant case, the evidence shows that the defendant has no property; that he is a diabetic; and that it is unwise for him, because of his physical condition, to operate motor equipment or other machinery, but there is no evidence showing or tending to show that he is physically unable to perform other types of labor from which he could earn an income. And with further reference to his physical condition and his ability to work, Dr. Nash, a witness for the defendant, testified: "I do not think that it is safe for him to work around machinery or to drive a truck. He is subject to spells. They may come at any time. Diabetes is a deterioration of the pancreas. If a person keeps strict diet, he would be able to perform certain types of work. Many people who have diabetes are working every day." Since the evidence shows that the defendant was able to do some types of work, this court cannot say as a matter of law that the jury's allowance for the support of his children was excessive or that the trial judge abused his discretion in approving the verdict. See *Braswell* v. *Braswell*, 198 *Ga.* 753 (32 S. E. 2d 773); *Burger* v. *Burger*, 196 *Ga.* 428 (26 S. E. 2d 615); *West* v. *West*, 155 *Ga.* 366 (116 S. E. 540).

3. For no reason assigned is the judgment complained of erroneous.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 9, 1958—DECIDED JULY 11, 1958.

*J. A. Mitchell, P. H. Mitchell,* for plaintiff in error.
*Harold F. Richards,* contra.