24148. HAMNER v. HAMNER.

Submitted June 12, 1967—Decided June 23, 1967—
Rehearing denied July 6, 1967.

*Merritt & Pruitt, Glyndon C. Pruitt,* for appellant.
*Joseph E. Cheeley, Jr.,* for appellee.

Per Curiam. Arnold E. Hamner, Jr., the appellant, brought an action for divorce on the ground of cruel treatment against Linda S. Hamner, the appellee. Subsequently, appellee filed her answer and cross action on the ground of cruel treatment. The case came on for trial and after hearing evidence, the court granted appellee a divorce on her cross action and awarded her $25 per week for support of the parties' minor child, $50 per month for a period of sixty months as alimony and $350 as appellee's attorney's fees. Appellant made a motion for a new trial which was denied. Appellant assigns error on the denial of his motion on the grounds that the awards of child support, alimony and attorney's fees are excessive and unsupported by evidence.

In the instant case the evidence discloses that the appellant was a student in his freshman year in college, he worked with his father, his only source of income was $10 per week as an allowance given him by his father, appellant drove a Corvette automobile, his father furnished him one tank of gasoline per week, he had been accustomed to living better than average, he wanted to go to college, he and appellee lived in a furnished apartment

when married, he got his money for living expenses while he and appellee lived together from his father, he asked his father for anything he wanted, his father and grandfather were quite wealthy, and he had no money or property in his own name. Further, the evidence discloses that appellant had not given appellee any money for support or medical bills since their separation, that an issue was born of the marriage and that it would require the sum of $325 per month for the support of the appellee and the minor child.

"It appeared on the trial that the husband had no property, and that he was not equipped to follow any trade or profession. He was, however, a man of apparently robust health, capable of performing manual labor upon a farm, and earning the usual wages for such services. He contends that, being without property, the jury erred in awarding any support for the child. It is certainly a novel proposition that permanent alimony can only be granted out of the estate of the husband, and not out of his wages or his ability to earn. A husband is not excused from the support of his wife and children because he lacks an estate. If he has the capacity to labor, he should labor for their support; and if reluctant, he may be compelled by the court to do so." *Johnson v. Johnson,* 131 Ga. 606, 607 (62 SE 1044). See also *Shepherd v. Shepherd,* 201 Ga. 525 (40 SE2d 382), and *Hall v. Hall,* 185 Ga. 502 (195 SE 731).

Under the evidence and the lack of any evidence on the part of the husband that by reason of mental or physical disability he is unable to earn an income, we cannot say the award of permanent alimony was excessive.

*Judgment affirmed. All the Justices concur, except Almand, P. J., Undercofler and Frankum, JJ., who dissent.*

ALMAND, Presiding Justice, dissenting. The record reveals that there is no evidence demonstrating appellant had any ability to pay such awards of child support, alimony or attorney's fees as were ordered in this case. Thus, the decree being unsupported by evidence and substantially disproportionate to the appellant's ability to pay, it was error to deny his motion for a new trial. "The necessities of the wife, when entitled to alimony, and the husband's ability to pay it, are the controlling

factors to be considered and followed in making an allowance for alimony; and awards therefor which are substantially disproportionate to either should not be permitted to stand." *Robertson v. Robertson,* 207 Ga. 686 (1a) (63 SE2d 876).