## 29795. MACK v. MACK.

HILL, Justice.

This is an appeal by the husband from a final divorce awarded to his wife.

The wife brought a complaint for divorce on the ground of cruel treatment, seeking custody of their four-year-old child, child support, attorney fees, and a share of the property of the marriage. The husband's answer alleged as a defense to the demand for alimony or property that she had been guilty of adultery and also that any award of property or alimony to her would be a denial of his rights to equal protection and due process of law. After a trial before the court without a jury she was granted a divorce, custody of the child, $160 per month in child support plus medical expenses, attorney fees of $200, certain furniture, a 1967 Buick, and the equity in their house, the down payment for which was furnished by the wife's parents and in which the parties lived for less than a year.

1. On appeal the husband contends that the $160 per month child support plus medical expenses is excessive in view of her needs and his ability to pay. At the trial the wife testified that she made $450 per month ($353 per month net). She also testified as to the accuracy of an expense affidavit that showed she had necessary expenses of $201 per month greater than her income. It was admitted in the pleadings that the husband earned $500 per month as a surveyor; however, testimony at the trial showed that at that time he was unemployed and had been for about 3 weeks. He admitted that he had worked as an automotive mechanic, but had not tried to get a job as such except with his uncle since his unemployment. There was evidence that he was in good health and had never made less than $500 per month since the marriage in 1968.

The two controlling factors in determining whether or not an alimony or child support award is excessive are the wife's and children's need for the award and the husband's ability to pay it. Here there was evidence that even with her salary, the wife had necessary expenses of $201 per month greater than her income and so had need

of child support.

Although at the time of the trial the husband was unemployed, he was in good health and there was evidence that he was capable of earning at least $500 per month. In *Hamner v. Hamner,* 223 Ga. 463 (156 SE2d 19), the husband was not excused from alimony and child support even though he was a college student without property (he received an allowance from his father of $10 per week). "If he has the capacity to labor, he should labor for their support; and if reluctant, he may be compelled by the court to do so." *Hamner,* supra, p. 464, quoting from *Johnson v. Johnson,* 131 Ga. 606, 607 (62 SE 1044). See also *Hubbard v. Hubbard,* 214 Ga. 294 (2) (104 SE2d 451); *Hall v. Hall,* 185 Ga. 502 (4) (195 SE 731). Temporary unemployment does not preclude an award of alimony. *Jansen v. Jansen,* 160 Ga. 618 (3) (128 SE 902); *West v. West,* 155 Ga. 366 (116 SE 540). There was evidence of capacity to labor and earn sufficient to support the award of child support.

2. The husband argues that the trial court erred in awarding the 1967 Buick and the equity in the house to his wife for two reasons. First, he contends that since she was guilty of adultery she is not entitled to alimony. Adultery by the wife has been a long-standing defense to a suit for alimony. *Williams v. Williams,* 114 Ga. 772 (40 SE 782); 22 Mercer L. Rev. 156 (1971). The underlying assumption is that alimony arises out of the obligation of the husband to support and maintain his wife. If she causes the marital relationship to cease then she is not entitled to alimony payments by him.

In the present case there was testimony by a friend that the wife had confessed to one incident of adulterous conduct. However, it was also brought out that the conduct occurred after the separation so this conduct was not the cause of the separation.

On the other hand, there was testimony by the husband, corroborated by other witnesses, that at the time of trial and for several months prior thereto he was living with his girl friend in her house. Thus there was circumstantial evidence, undenied in this record, showing adultery by the husband. *Eldridge v. State,* 97 Ga. 192 (23 SE 832); *Starke v. State,* 97 Ga. 193 (23 SE 832).

Where the husband is guilty of adultery, adultery by the wife does not preclude the distribution to her of a share of the property owned by the parties to the marriage in settlement of the equities concerning such property. The trial court did not abuse its discretion in awarding the equity in the house, the furniture and the car to the wife under the facts of this case.

The husband also argues that the award of property or alimony from the husband to the wife is sexual discrimination in violation of the U. S. Constitution. In *Murphy v. Murphy,* 232 Ga. 352 (206 SE2d 458), cert. den., USLW Ap. 21, 1975, No. 74-255, the court held that Georgia's divorce statutes which provide for alimony to a wife but not to a husband do not deny equal protection or due process of the laws.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only, and Ingram, J., who dissents.*

SUBMITTED MARCH 28, 1975 — DECIDED JULY 1, 1975.

*E. Graydon Shuford,* for appellant.
*Watson, Brown, Foster & Keller, George T. Brown, Jr.,* for appellee.