### 32155. KING v. KING.

JORDAN, Justice.

Roy Charles King appeals from a judgment, entered on the verdict of a jury, granting alimony to Lettie Rogers King. A divorce had previously been granted on the pleadings.

The jury awarded the wife $700 per month, beginning September 1, 1976, and continuing until September 1, 1980, or until she remarries or dies. They gave her the family residence and furnishings, a vacant lot adjacent to the residence, and one piece of rental property. An award of $300 per month was made for the support of the minor daughter (then fifteen years of age) until majority. The husband was required to pay the deficiency owed to GMAC on the 1974 Cadillac used by him.

1. The first error enumerated is the admission in evidence of tapes showing contract sales made by the husband for several years in his business of selling cookware, over the objections that they were inaccurate as to actual receipts, that the jury could not determine from them the net profits made, and that some of the months were missing. The tapes were admitted by the trial judge for the limited purpose of showing gross contract sales. The jury was fully informed that the figures on the tapes did not represent the profits made by the husband, nor the cash received for the merchandise sold. The tapes were admissible to indicate the volume of business that he had done.

2. Enumerated errors 2, 3, and 4 assert that the permanent alimony awarded was grossly excessive and constitutes a disproportionate part of the husband's income, and that the grant of $6,500 as additional attorney fees to the wife was a gross abuse of discretion on the part of the trial judge.

The husband introduced in evidence his income tax returns for the years 1973, 1974, and 1975, which showed

a loss in each year. He testified further that: his business operated at a loss in 1975; he sold his merchandise for less than cost; the expenses on his rental property exceed the income therefrom; he has no cash; he has borrowed money from his family for living expenses; he owes the C & S Bank $44,000; there are lawsuits pending against him.

The testimony for the wife was that: the parties had enjoyed a luxurious standard of living prior to the separation; their expenses amounted to around $2,200 per month; the husband has discontinued paying any living expenses; he has stated that he will not support his wife and daughter; he owns four pieces of income-producing property (besides the property awarded to the wife); he has unusual ability as a salesman and in the past has been very successful in his business; he had made plans to open two clothing stores when the divorce case is ended. The husband's accountant testified in regard to the income tax returns that he made no audit of the husband's records and made the returns from figures supplied by the husband.

The ability to earn an income is one factor which may be considered by the jury in awarding alimony to the wife, and they may award alimony on this basis although the husband may be temporarily impoverished. *Johnson v. Johnson,* 131 Ga. 606 (2) (62 SE 1044) (1908); *Jansen v. Jansen,* 160 Ga. 618 (3) (128 SE 902) (1924); *Shepherd v. Shepherd,* 201 Ga. 525 (40 SE2d 382) (1946); *Hubbard v. Hubbard,* 214 Ga. 294 (2) (104 SE2d 451) (1958); *Wills v. Wills,* 215 Ga. 556 (3, 8) (111 SE2d 355) (1959).

The jury was authorized to find from the evidence that the husband had the capacity to earn a sufficient amount to pay the awards by the jury to the wife and minor child, and that this amount was necessary for their support in accordance with their previous standard of living. We cannot hold that these awards were excessive under the evidence. Under the record the trial judge did not abuse his discretion in granting $6,500 as additional attorney fees for the wife.

3. The final error enumerated is the provision of the judgment ordering the husband to pay $925.50 on a deficiency owed to General Motors Acceptance Corporation. The husband contends that this was error

because there had been no judicial determination of this deficiency.

The evidence showed that the husband purchased a 1974 Cadillac in the name of the wife for his use. Because of his failure to keep the installments paid, the automobile was repossessed and was sold for $952.50 less than the indebtedness. This amount is claimed by GMAC as a debt against the wife. It was not error to require the husband to pay this amount.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 12, 1977 — DECIDED MAY 12, 1977.

*John C. Tyler,* for appellant.
*Charles H. Edwards, Claude E. Hambrick,* for appellee.