## 33159. PIERCE v. PIERCE.

BOWLES, Justice.

This is an appeal by the husband from a divorce and alimony judgment. The wife filed suit for divorce and alimony in the Superior Court of DeKalb County based upon alleged cruel treatment. The husband answered, and by cross complaint sought a divorce on the same ground. The court's final judgment and decree, which approved a jury's verdict in favor of the wife, granted the parties a divorce a vinculo matrimonii, awarded the wife the family home and its furnishings, a cashier's check in the amount of $872.89, and an automobile. The husband was ordered to pay the wife "the sum of $130.00 per week as child support for the two minor children . . . Provided

however, should [the wife] remarry, said sum shall be reduced to $100.00 per month per child." The husband appeals, following the denial of his amended motion for new trial.

1. Appellant assigns as error the denial of his motion for new trial on the grounds that the award of child support is excessive and without evidence to support it.

It is well recognized that questions of alimony and child support cannot be determined by a mathematical formula, as the facts and circumstances in each case are different. *McDonald v. McDonald,* 229 Ga. 702 (194 SE2d 429) (1972); *Greene v. Greene,* 218 Ga. 744 (130 SE2d 772) (1963); *Jeffrey v. Jeffrey,* 206 Ga. 41 (55 SE2d 566) (1949). Generally, the necessities of the children and the husband's ability to pay are the controlling factors. *McNally v. McNally,* 223 Ga. 246 (154 SE2d 209) (1967). In making the award, the jury is afforded a "wide latitude" in their evaluation of the evidence and in their determination of the amount to be awarded for the support of the children. *McDonald,* supra; *Brown v. Brown,* 222 Ga. 446 (150 SE2d 615) (1966). Once the jury's award of child support is approved by the trial judge, this court will not disturb the award, on grounds of excessiveness, where its reasonableness as to the amount awarded has some support in the evidence. *Hubbard v. Hubbard,* 214 Ga. 294 (104 SE2d 451) (1958).

In the instant case the evidence shows that the husband, age 28, was a student at the Georgia State University with the expectation of receiving a Bachelor of Visual Arts Degree in December of 1977. At trial, the wife testified that in the past, the husband had received V. A. assistance in the amount of $388 per month while attending school full time, and $292 per month while attending part time. She did not testify as to the amount he currently received. The wife further testified that she worked four days a week in the nursery of the First Methodist Church, earning approximately $100 net per month. She estimated that it cost approximately $560 per month for the maintenance and support of herself and her two minor children.

The husband testified that his present income per month was "probably" $340; and, that in addition to

receiving V. A. benefits, he supplemented his income by working 8-25 hours per week at the Georgia State University Bookstore. When asked if his salary was roughly 3-4 dollars per hour, the husband evaded the question and left it unanswered. He did not testify as to the amount of his present V. A. assistance, nor whether he was attending school on a full time or part time basis.

The evidence further showed that the husband's total earned income in 1976 was $1,455.22; that he had two and one-half years experience as an assistant manager of an auto service center; and had extensive mechanical and auto repair shop training. With respect to the husband's future potential earning capacity, the evidence disclosed that once the husband obtained his B.V.A. degree he could make anywhere from $3 an hour as a jewelry polisher, to $16,000 a year as a jewelry designer.

After verdict, the evidence is to be construed by this court most favorably to the prevailing party, and all conflicts resolved *in favor of the verdict and judgment of the trial court.* The testimony of a party in his own behalf, when contradictory, vague or equivocal, *will be construed most strongly against him* in considering whether or not he is entitled to a verdict in his favor. *Partain v. King,* 206 Ga. 530 (57 SE2d 617) (1950); *Davis v. Akridge,* 199 Ga. 867 (2) (36 SE2d 102) (1945); *Lewis v. Dan Vaden Chevrolet, Inc.,* 142 Ga. App. 725, 728 (236 SE2d 866) (1977); *King v. Rich,* 103 Ga. App. 50 (118 SE2d 277) (1961).

The evidence, construed in favor of the verdict rendered, shows the husband's *maximum* income to be $688 per month, while attending college on a full time basis. We do not find the child support award of $520 per month to be excessive in light of the husband's present potential earning capacity and future prospects for employment.

"The ability to earn an income is one factor which may be considered by the jury in awarding alimony to the wife, and they may award alimony on this basis although the husband may be temporarily impoverished. *Johnson v. Johnson,* 131 Ga. 606 (2) (62 SE 1044) (1908); *Jansen v. Jansen,* 160 Ga. 618 (3) (128 SE 902) (1924); *Shepherd v. Shepherd,* 201 Ga. 525 (40 SE2d 382) (1946); *Hubbard v.*

*Hubbard,* 214 Ga. 294 (2) (104 SE2d 451) (1958); *Wills v. Wills,* 215 Ga. 556 (3, 8) (111 SE2d 355) (1959)." *King v. King,* 239 Ga. 15 (235 SE2d 502) (1977).

In *Hall v. Hall,* 185 Ga. 502, 506 (195 SE 731) (1938), this court recognized that "[A] husband may be decreed to pay. . . alimony although he may not have property either at the time of the filing of the libel for divorce or at the time of the trial, if it appears he has an earning capacity. This is true even though he is not equipped to follow any trade or profession, if he is of robust health, capable of performing manual labor. . . . and earning the usual wages for such services." See *Hamner v. Hamner,* 223 Ga. 463 (156 SE2d 19) (1967); *Hubbard v. Hubbard,* supra; *Robertson v. Robertson,* 207 Ga. 686 (63 SE2d 876) (1951).

Though the husband may wish to pursue his scholarly endeavors on a full time basis, he is not relieved of his obligation to support his children. If he has the capacity to labor, he must do so for his children's support, and, if reluctant, may be compelled by the courts to do so. Under the evidence, we cannot say as a matter of law that the jury's allowance for the support of his children was excessive or that the trial judge abused his discretion in approving the verdict.

2. The appellant enumerates as error the admission into evidence, over objection, of testimony which appellant contends was immaterial, highly prejudicial, and presented the jury with the image that he was a "child beater," "wife beater," "thief" and "adulterer."

Appellant does not cite any specific cases in support of his contention, but suggests that this court read the transcript and decide for itself ". . .whether or not the introduction of such evidence would in fact be harmful and would have so swayed the jury to the side of the appellee so as to completely nullify the evidence of the appellant."

We have carefully reviewed the entire transcript and conclude, in each instance complained of, either no objection was made, no proper objection was made, or the testimony was elicited by appellant's counsel. We find no error.

3. Appellant contends that the court erred in refusing to allow the introduction of evidence regarding

the dismissal of a criminal prosecution against him for child abuse.

During trial, the wife testified of several instances of the husband's alleged physical abuse of the children, including an incident which occurred on May 8, 1977, which resulted in the issuance of a criminal warrant against the husband for the offense of cruelty to children. This evidence was elicited by questions asked by appellant's counsel. In an attempt to prove he was not a child abuser, the husband sought to introduce evidence of the dismissal of the criminal warrant.

"The rule supported by the great weight of authority is to the effect that a judgment of conviction or acquittal rendered in a criminal prosecution cannot be given in evidence in a purely civil action, to establish the truth of the facts on which it was rendered." *Crawford v. Sumerau,* 100 Ga. App. 499, 500 (111 SE2d 746) (1959); *Smith v. Goodwin,* 103 Ga. App. 248 (119 SE2d 35) (1961); *Clough v. Greyhound Corp.,* 91 Ga. App. 246 (85 SE2d 476) (1954).

The trial judge properly ruled out the introduction of such evidence.

4. Appellant's next enumeration of error contends that the trial court erred in charging the law of alimony, since upon direct examination, in open court, the wife expressly abandoned that portion of her lawsuit.

Initially, we note that upon the conclusion of the trial court's charge to the jury, the court inquired if there were any exceptions to the charge. In response, counsel for appellant stated that he "understood the court to charge as fully and as fairly as required under the law." Appellant's failure to except to the charge constitutes a waiver. Code Ann. § 70-207 (a); *David Shapiro & Co. v. Timber Specialties, Inc.,* 141 Ga. App. 354 (233 SE2d 439) (1977).

Notwithstanding, even if appellant had properly objected to the charge, his enumeration of error would still be without merit. On direct examination, the wife testified concerning numerous expenses necessary for the maintenance of herself and the minor children, stating it would take $506.63 per month for her and the two children to exist. Counsel for the wife then asked, "Q. And for yourself *dollar-wise,* you're not asking for any alimony

whatsoever, are you?", to which she replied, "A. No." Appellant contends that her answer constituted an expression of abandonment of any claim for alimony, and therefore, the trial judge erred in charging the jury on issues not properly before them.

The question and answer singled out by appellant is taken out of context. It is clear from a reading of the wife's testimony that, although she was not seeking any *"dollar amount"* of alimony per month for her *separate* maintenance, she had not abandoned any claim to alimony in other forms. Therefore, the trial court did not err in charging the jury on the law of alimony.

5. Appellant contends that the trial court erred in ordering him to pay, on his wife's behalf, the sum of $487 "interim expenses" of litigation and $183 "interim expenses" to the court reporter.

Prior to the entry of the final judgment and decree, the wife was awarded temporary alimony in the nature of attorney fees. A final judgment and decree was then entered, wherein the trial court "retained jurisdiction of the case for the purpose of setting forth [the award of attorney fees and expenses of litigation] in more particularity at a later date." A motion for new trial was filed by the husband followed by the wife's motion for "temporary interim relief in the nature of expenses of litigation," which motion was granted. The husband's motion for new trial was then denied.

Code Ann. § 30-202 provides in pertinent part that "[W]herever an action for divorce, at the instance of either party, or a suit by the wife for permanent alimony, *shall be pending,* the wife may. . .apply to the presiding judge. . .for an order granting to her temporary alimony pending the cause; and, after hearing. . . the court shall grant an order allowing such temporary alimony, including expenses of litigation. . ." (Emphasis supplied.) The husband contends that since there was no appeal as to the divorce, the judgment is final, and therefore, any award of interim expenses was unauthorized.

It is well recognized that attorney fees and the expenses of litigation are awarded to the wife as a part of temporary alimony. *Brown v. Brown,* 224 Ga. 90 (160 SE2d 343) (1968). Such an award "does not cease with the

verdict and judgment in the superior court, where the case is brought to the Supreme Court, but continues (within the discretion of the court) until the termination of the litigation in all the courts." *Holleman v. Holleman,* 69 Ga. 676 (1882); *Chlupacek v. Chlupacek,* 226 Ga. 520 (175 SE2d 834) (1970); *Twilley v. Twilley,* 195 Ga. 297 (24 SE2d 46) (1943); *Aud v. Aud,* 199 Ga. 714 (35 SE2d 198) (1945). The judgment cannot be treated as final so long as either party has the right to have it reviewed by this court. *Twilley,* supra; *Aud,* supra.

The temporary award of alimony remains in the breast of the trial court pending final adjudication of the permanent award, and may be revised in the discretion of the trial court at any time prior to final determination of the case. *Shepherd v. Shepherd,* 233 Ga. 228, 232 (210 SE2d 731) (1974).

In the instant case, an award of attorney fees was made prior to the final judgment on the question of alimony. The judgment in favor of the wife for temporary alimony remained operative and in the breast of the court, and, therefore, it was within the discretion of the trial judge to continue in force, or modify his previous order. Appellant's enumeration of error is, therefore, without merit.

6. Appellant contends that the trial court erred in failing to maintain an unbiased judicial attitude during trial, and in making impatient and intimidating statements of and directed to appellant's counsel thereby prejudicing the minds of the jurors against him.

We have reviewed all fourteen instances of alleged prejudicial conduct and find them to be without merit. Notwithstanding, we note that it does not appear that any objections were made by appellant's counsel when the complained of remarks were made, nor was any motion made for a mistrial. Further, all of the alleged prejudicial remarks were made by the trial judge when ruling upon objections to evidence. In *Tinnerman v. Baldwin,* 211 Ga. 532 (2) (87 SE2d 65) (1955), it was said that, "This court has repeatedly ruled that a remark made by the trial judge when ruling upon an objection to evidence during the progress of the trial, even if it be erroneous, cannot be made ground of a motion for new trial where no motion to

declare a mistrial or other objection was made before verdict. *Perdue v. State,* 135 Ga. 277 (1) (69 SE 184); *Barnett v. Strain,* 151 Ga. 553 (5) (107 SE 530); *Herndon v. State,* 178 Ga. 832 (6) (174 SE 597); *Coates v. State,* 192 Ga. 130 (3) (15 SE2d 240); *Ealy v. Tolbert,* 210 Ga. 96 (2) (78 SE2d 26)." *Morris v. State,* 185 Ga. 67 (194 SE 214) (1937).

Appellant's counsel having failed to make such a motion and having proceeded without objection with the trial cannot, after verdict, raise the question as to the prejudicial nature of the remarks complained of. For this reason alone, appellant's enumeration of error is without merit.

*Judgment affirmed. All the Justices concur, except Jordan, J., who dissents from Division 3 and the judgment.*

ARGUED JANUARY 17, 1978 — DECIDED MARCH 1, 1978 — REHEARING DENIED MARCH 28, 1978.

*Ogden & Allen, Philip W. Ogden, Tom M. Allen,* for appellant.
*Paul A. Martin,* for appellee.