## 34935. GORDON v. GORDON.

HILL, Justice.

This is an appeal from an order granting temporary alimony, medical and dental expense reimbursement, and attorney fees on account following a rule nisi hearing.

Wanda Faye Fuller Gordon filed suit for divorce in Fulton County alleging that she was and had been a resident of Fulton County for six months and that her husband was a non-resident of this state but that he could be served while sojourning here. At a hearing on the rule nisi set to hear the temporary alimony matter, the husband contested the jurisdiction of the Fulton County Superior Court over his person by motion and special appearance, contending that he is a resident of Hart County, Georgia. By oral motion he contested jurisdiction over the wife, contending that she was until recently a resident of Boulder, Colorado, and had not been a resident of this state for the required six months. The court reserved ruling on the jurisdictional issues for the trier of fact and awarded Wanda Gordon temporary alimony in the amount of $250 per month, medical and dental expenses not to exceed $100 per month, and $300 attorney fees on account. The husband appeals.

The first issue in this case is whether the court is required by law to decide any personal jurisdictional issues raised before it can order payment of temporary alimony. The purpose of a temporary alimony award is to afford the spouse seeking the award the means to contest all the issues between the parties, including jurisdictional issues, and consequently it is not error to award temporary alimony prior to ruling on jurisdictional issues. *Carnes v. Carnes,* 138 Ga. 1 (1) (74 SE 785) (1912); *Parker v. Parker,* 148 Ga. 196 (3, 4) (96 SE 211) (1918); *Legg v. Legg,* 150 Ga. 133, 134 (102 SE 829) (1920); *LaFitte v. LaFitte,* 171 Ga. 404 (155 SE 521) (1930); *Hewlett v. Hewlett,* 220 Ga. 656 (1) (140 SE 898) (1965). The Civil Practice Act specifically authorizes the court to order hearing and determination of jurisdictional matters deferred until trial. Code Ann. § 81A-112 (d).

Nothing contained in Code § 30-101 requires a contrary result. The fact that the husband here had not

filed an answer relates to his right to trial by jury, not to the authority of the court to award temporary alimony before trial. The husband's failure to answer does not give him the right to insist that the jurisdictional issues be decided prior to the entry of a temporary award. In *Hatcher v. Hatcher,* 229 Ga. 249 (190 SE2d 533) (1972), the trial judge was authorized to, and did, decide the jurisdictional issue prior to trial. That case did not hold that the judge was required to decide the jurisdictional issue before awarding temporary alimony.

The husband next contends that the trial judge committed error both in granting temporary alimony without any evidence as to his ability to pay, and refusing to allow him to present evidence concerning his ability to pay alimony. A spouse's "ability to pay" may be found from his or her assets or earning capacity. Although a person's income is some evidence of that person's earning capacity, it is not the only such evidence. A college student has capacity to earn even though his or her income is less than that of a person employed full time. *Pierce v. Pierce,* 241 Ga. 96 (1) (243 SE2d 46) (1978).

At the hearing, evidence was adduced, although no income figures were given, that the husband had a Ph.D. in anthropology from Harvard University and is employed by the University of Western Australia where he has taught for three and a half years. The trial judge did not err in awarding the wife temporary alimony based on evidence as to the husband's earning capacity, notwithstanding the absence of evidence as to his actual income. *Pierce v. Pierce,* supra. In thus awarding temporary alimony on the basis of the husband's capacity to earn, the trial judge did not base his decision on matters outside the record.

When the wife concluded her presentation of evidence, the husband renewed his motion to dismiss for lack of personal jurisdiction. While those motions were being heard, the court asked the husband's counsel whether he cared to be heard further or to offer evidence on the wife's application for temporary alimony. At this point the husband's counsel moved for "directed verdict" (motion for entry of judgment) that temporary alimony not be allowed due to the absence of evidence as to the

husband's income. After argument, this motion was overruled and the court announced that a temporary alimony order would be entered. At this point, the husband's counsel objected and requested that he be afforded the right to introduce evidence. The court declared that counsel had been afforded the right to be heard. The husband's counsel then offered into evidence the husband's sworn domestic relations financial data sheet showing his monthly net salary to be $792, which statement the court refused to admit into evidence.

The husband complains that the trial court erred in ordering him to pay temporary alimony after refusing to allow him to introduce evidence as to his ability to pay. Treating his sworn financial data sheet as the tender required to show error in the ruling complained of, such offer of proof is insufficient. A verified financial statement can be a time saving device in domestic relations cases when the spouse who prepared the statement testifies as a witness that it is true and correct. However, the statement here in issue was not authenticated by testimony of the affiant, was thus not subject to cross examination and hence was not admissible in evidence on behalf of the affiant. We find no reversible error here.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

ARGUED JUNE 11, 1979 — DECIDED JULY 2, 1979.

*Harland, Cashin, Chambers & Davis, Harry L. Cashin, Jr., John C. Porter, Jr.,* for appellant.

*Strother, Hicks & Wallace, Glenn H. Strother, Clifton S. Fuller, Jr.,* for appellee.