## 36023. JAMES v. JAMES.

JORDAN, Presiding Justice.

On May 25, 1979, appellee Diane Marie James filed a complaint against appellant Robert Alan James alleging that their marriage was irretrievably broken, prayed for a divorce and that her husband be required to pay certain debts incurred by them during the marriage.

The complaint and order nisi was personally served on the appellant, the order setting a temporary hearing on June 11, 1979, later changed to July 6, 1979. The appellant was served with a copy of this change order by certified mail. On the hearing date the appellant

allegedly moved for a continuance which was denied, there being no transcript of this hearing. Upon hearing evidence, the court ordered the appellant to pay $150 per month to be applied on the indebtedness. On July 27, 1979, the matter came on for a final hearing, notice of the trial date having been published in the Fulton County Daily Report. The appellant never filed any responsive pleadings and failed to appear at the hearing on July 27th. After hearing evidence a divorce was granted and the appellant ordered to pay appellee the sum of $200 per month for 24 months "for application to the present outstanding indebtedness owed by the parties to the Trust Company Bank in the approximate amount of $7,800.00, and to Country Home Bakeries in the approximate amount of $1,500.00." Appellant made a timely motion for new trial which was denied. We granted his application for appeal.

1. The ordered payments constituted an award of alimony to the wife. See *Nash v. Nash,* 244 Ga. 749 (262 SE2d 64) (1979). Appellant contends that the trial court erred in granting alimony when none was prayed for in the petition. This is without merit as there was a prayer for payment of certain debts by the appellant, which prayer was granted and which constituted an award of alimony.

2. The appellant cannot complain of lack of notice since he filed no responsive pleadings whatsoever. Code Ann. § 81A-105(a); *Brooks v. Brooks,* 242 Ga. 444 (249 SE2d 244) (1978). The case of *Spyropoulos v. John Linard Estate,* 243 Ga. 518 (255 SE2d 40) (1979), is inapposite to this case.

3. Since this was an uncontested divorce action, the trial court was not required to make findings of fact and conclusions of law. Code Ann. § 81A-152 (a).

4. The appellant has not shown that the trial court manifestly abused its discretion in failing to grant a continuance of the temporary hearing.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 7, 1980 — DECIDED APRIL 9, 1980.

*Robert Alan James, Mary Brock Kerr,* for appellant.
*Robert N. Meals,* for appellee.