### S00A0665. RUSS v. RUSS.
(530 SE2d 469)

CARLEY, Justice.

Stephanie Russ brought suit for divorce, and her husband, Kevin Russ, was personally served. Subsequently, an amended complaint

---

[3] See OCGA § 15-10-23 (a) & (c).

and a notice of trial were sent to Mr. Russ' last known address. The notice of trial was returned with the notation that he had moved to Ohio and left no forwarding address. Mr. Russ neither filed any responsive pleading nor appeared for trial. The trial court entered a final judgment of divorce, but found that Mr. Russ' whereabouts and place of employment are unknown and that, "[a]s a result, there is no basis on which an award of child support could be granted." Ms. Russ applied to this Court for a discretionary appeal. Thereafter, the trial court attempted to amend its judgment so as to award certain real property to Ms. Russ, but that amendment is a mere nullity. *Nest Investments v. Tzavaras*, 221 Ga. App. 282 (471 SE2d 223) (1996); *In the Interest of A. R. B.*, 209 Ga. App. 324 (1) (433 SE2d 411) (1993). She appeals pursuant to our grant of her application for discretionary appeal. Mr. Russ has filed no responsive brief in this appeal.

1. Ms. Russ contends that the trial court erred by entering a final decree of divorce without addressing or resolving the issue of child support. If the trial court in a divorce action is unable to obtain jurisdiction over the noncustodial parent so as to enter a binding award of child support, Georgia law expressly authorizes a subsequent application for such support. OCGA § 19-6-17 (a) (2). In this case, however, Mr. Russ was a Georgia resident and he was personally served. Thus, the difficulty was not a lack of jurisdiction over Mr. Russ, but rather his failure to assert any defense. "In divorce cases which are not defended by the responding party, . . . [a]n evidentiary hearing for the determination of . . . child support . . . and other issues is authorized but not required." OCGA § 19-5-10 (a). Under this Code section, a trial court clearly is authorized to rule on the issue of child support despite the defendant's absence. Indeed, a trial court may fix child support without even holding an evidentiary hearing, based upon a consideration of the verified pleadings, affidavits, "or such other basis or procedure as the court may deem proper in its discretion." OCGA § 19-5-10 (a). Thus, the trial court in this case erred to the extent that it based the refusal to award child support upon the fact that Mr. Russ' whereabouts are unknown. He was served in Georgia and his current location is irrelevant to the jurisdiction of the trial court to determine his obligation for the support of his child.

Mr. Russ' current place of employment and current income also are unknown. Even after enactment of the child support guidelines in OCGA § 19-6-15, however, there are certain circumstances in which trial courts may use earning capacity rather than gross income to determine the amount of child support. *Duncan v. Duncan*, 262 Ga. 872, 873 (1) (426 SE2d 857) (1993). Such circumstances include, as in this case, the absence of any evidence as to actual income. *Gordon v. Gordon*, 244 Ga. 21, 22 (257 SE2d 528) (1979); *Pierce v. Pierce*, 241 Ga. 96, 98 (1) (243 SE2d 46) (1978). In fact, a trial court

can award child support whenever it appears that the noncustodial parent has some minimal earnings potential in an unskilled capacity and, as here, he has produced no evidence that by reason of mental or physical disability he is unable to earn an income. *Hamner v. Hamner*, 223 Ga. 463, 464 (156 SE2d 19) (1967); *Hubbard v. Hubbard*, 214 Ga. 294, 295 (2) (104 SE2d 451) (1958). See also *Pierce v. Pierce*, supra at 99 (1).

The trial court did not base its decision upon any deficiency in the evidence of earning capacity, but rather upon the erroneous legal theory that there was no basis to authorize an award of child support. Therefore, the trial court committed reversible error, and this Court cannot affirm the judgment by application of the "right for any reason" rule. *Huff v. Valentine*, 217 Ga. App. 310, 311 (1) (457 SE2d 249) (1995). Notwithstanding the absence of Mr. Russ from the trial, the issue of child support was "contestable" and should have been finally resolved in the divorce decree. Uniform Superior Court Rule 24.7; *Edwards v. Edwards*, 260 Ga. 440 (396 SE2d 236) (1990).

2. Ms. Russ also complains of the trial court's failure to address and resolve certain issues regarding medical insurance and other child-rearing expenses. There is no transcript, and the record does not show the nature or existence of any requests for an award of these expenses. However, the trial court may have considered any such requests as encompassed within its erroneous ruling that there is no basis for child support because Mr. Russ' whereabouts and place of employment were unknown. Therefore, we leave whatever additional requests were made by Ms. Russ for further evaluation by the trial court on remand, in light of our holding in Division 1.

3. Ms. Russ further contends that the trial court erred in failing to address the issue of property division and, in particular, to award her certain real property which already is titled in her name. Since the judgment did not mention the property at issue, it is unaffected and remains titled in Ms. Russ' name. *Newborn v. Clay*, 263 Ga. 622, 623 (436 SE2d 654) (1993); *Mitchell v. Mitchell*, 263 Ga. 182, 183 (1) (430 SE2d 350) (1993). Accordingly, the omission from the judgment of an explicit award of the property to Ms. Russ is not reversible error. *Mitchell v. Mitchell*, supra.

4. Ms. Russ asserts that the trial court should have issued findings of fact and conclusions of law. In general, "[s]ince this was an uncontested divorce action, the trial court was not required to make findings of fact and conclusions of law. [OCGA § 9-11-52 (a).]" *James v. James*, 245 Ga. 624, 625 (3) (266 SE2d 224) (1980). However, we anticipate that, on remand, the trial court will make findings and conclusions, at least as to the issue of child support. OCGA §§ 19-5-12 (c); 19-6-15.

*Judgment reversed and case remanded with direction. All the*

*Justices concur.*

HUNSTEIN, Justice, concurring.

I concur fully in the majority opinion and write in order to clarify that a trial court is not limited to the actual income of a parent when assessing the amount of child support to award. In this case, there was no evidence of income and I agree with the majority that the trial court abused its discretion by failing to use an estimated earning capacity in making its award here. However, even in those instances where evidence exists regarding a parent's actual income, the trial court still retains the discretion to use earning capacity to determine the appropriate amount of child support where evidence exists to establish that a parent possesses a higher earning capacity than is indicated by his or her actual income. See *Duncan v. Duncan*, 262 Ga. 872 (1) (426 SE2d 857) (1993).

DECIDED MAY 30, 2000.

*C. Suzette Ellis-Hoyle*, for appellant.
Kevin L. Russ, *pro se.*