MARGARET HIGHLEY, Respondent, v. THOMAS ALLEN, Appellant.

April 24, 1877.

1. Where a court of equity enforces the equity of a wife to a separate provision out of property which was hers before, or which accrued to her during, coverture, it proceeds upon the theory that the property belongs to the wife, and not to the husband, with whose property equity will not, in such case, interfere.

2. Where, by a decree in equity, the husband and wife are to receive certain proportions of a fund arising from the sale of land belonging to the wife, during their "joint lives," that period is, in contemplation of law, reached when the wife has secured a divorce, as completely as if the husband had died.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

*Wm. R. Donaldson,* for appellant, cited: Freeman on Judg. 207, 209, 213, 262; Bank of Commonwealth v. Hopkins, 2 Dana, 391; Beroz v. Hines, 3 Kan. 397; Schouler's Dom. Rel. 227, 228; Bishop's Mar. & Div. 660; 2 Kent's Com. 117; Tritts' Admr. v. Caldwell's Admr., 31 Penn. 233; 4 Rawle, 468.

*J. H. Whiting,* for respondent, cited: Wag. Stat., ch. 46, secs. 8, 9; 2 Kent's Com. 135; Fithian v Monks, 43

Mo. 522, 523; Wood v. Simmons, 20 Mo. 263; Davidson v. Rozier, 23 Mo. 389; Higgins v. Piltzer, 49 Mo. 152.

BAKEWELL, J., delivered the opinion of the court.

It appears from the pleadings and evidence in this case that plaintiff is one of the beneficiaries in a deed made in 1855, by one of her relatives named Russell, now deceased, by which certain real estate was conveyed to Allen in trust to pay over the net annual proceeds to certain persons named, of whom plaintiff is one. At the time of the institution of this suit there was in the hands of defendant as trustee of funds which, by the provisions of this deed, were payable to plaintiff, $604. Of this sum three-fifths appear to have been paid to plaintiff or her representatives before the filing of the amended petition herein, and plaintiff obtained judgment in this proceeding for the remaining two-fifths, or $240.60, and interest, in defendant's hands. And from this judgment defendant appeals.

In 1858 Mrs. Highley, claiming that her husband, Nathaniel Highley, was collecting and squandering her income, commenced suit in the Circuit Court of Iron County against her husband and the defendant, Allen, to enforce her wife's equity to the proceeds of her separate property, and prayed a decree directing Allen to pay over to her alone her proportion of the income coming from the estate of which he was trustee under the Russell deed.

When this cause came on to be heard, the cause was submitted to the court sitting as a jury, and taken under advisement; and on the same day the submission was set aside, and the following agreement was filed, signed by the counsel of record for Margaret Highley, the plaintiff, and Nathaniel Highley, the defendant.

"It is agreed, in the above cause, that the submission may be set aside, and the cause and matter in controversy compromised on the following terms : All the dividends now in the hands of Thomas Allen, and such as may accrue during the joint lives of Nathaniel Highley and Margaret Highley,

shall be divided; the said Margaret to receive three-fifths thereof, and the said Nathaniel to receive two-fifths to his own use. The said Nathaniel is to surrender the farm on which he lives by the first day of March next, and to have the privilege after that to go upon the same, take care of and harvest and secure the growing crop of wheat, after which he is wholly to abandon it. Said Nathaniel Highley is to give up to said Margaret a bay horse which said Margaret claims. The suit against McClurg in the Washington Circuit Court is to be dismissed, and also the ejectment suit in this court against N. Highley, and no claims asserted by either party against [the other] for any previous transactions in property or money; and that the court may render a decree in conformity with this agreement."

A decree was thereupon entered in the cause, referring to this agreement, and adjudging "that the said Margaret Highley shall have vested in her, to her separate use, free from the control of her said husband, the said three-fifths of said dividend, and shall receive the same from time to time as they may fall due; and that said Nathaniel Highley shall receive from said trustee, to his own use, the said two-fifths of said dividend already in the hands of said trustee, and such as may accrue during the joint lives of said Nathaniel Highley and said Margaret Highley; and the said Thomas Allen, trustee as aforesaid, is hereby decreed and directed to make payments of said dividends to the parties according to the proportions set forth."

Afterwards, on November 10, 1870, Margaret Highley was divorced from her husband, on her application.

It is stated in the briefs of counsel that Nathaniel Highley is still living, and has assigned all his interest in this fund to one Noel; also, that Mrs. Highley has children living with her and dependent on her for support. As to these facts there is no evidence in the record, and no record admission. Mr. Allen occupies the position of a mere trustee,

and defends the suit for his own protection, as appears by the allegations in his answer.

Many instructions were asked by the respondent and refused. It is not necessary to set them out.

At the date of the agreement between Margaret and Nathaniel Highley, and the decree entered in pursuance thereof, they sustained to each other the relation of husband and wife — a relation which must exist during the joint lives of those entering into the marriage contract, unless, one of the parties remaining faithful to all the solemn obligations of the marriage state, those obligations are gravely violated by the other. The joint lives of the parties to this compromise must, therefore, have meant, in the mouth of each party to it, the time of their coverture; no more and no less. It could never be susceptible of any other meaning except by the fault of one party alone; and it cannot be supposed that either party to the compromise intended at the time it was made, by his or her own fault, to make it possible that their married life should come to an end before death. It certainly does not lie in the mouth of the guilty party or his legal representatives to say, after a divorce obtained for his fault, that the joint lives of the parties to this agreement did not mean, at the time it was made, their lives as husband and wife. The language of the agreement, and of the decree by which it was sought to give it effect, must be interpreted according to the plain meaning of the words as used. This was an arrangement between husband and wife, by which the wife waived her claim to an equity to have the whole of her separate income set apart to herself, and consented that her husband might have a certain fixed proportion of it to himself. It was as her husband, and only as her husband, that he could have any claim whatever to any portion of this income. It was not to be presumed that he would ever forfeit his marital rights; and it was unnecessary, as it would have been indecent, to pro-

vide expressly for such a contingency. It was enough that, in the event of a termination of the marital relations by his fault, all his rights of every description, to her property as well as to her person, would be wholly at an end.

When a court of chancery enforces the equity of a wife to a separate provision out of property which was hers before marriage, or which accrues to her during coverture, it regards the property as belonging originally to the wife, and not to the husband. It would, otherwise, be overstepping its judicial power in taking any portion of it from the husband and giving it absolutely to the wife, since it cannot take the funds of one to bestow them upon another. If the property is the property of the husband, equity has no business to meddle with it; and there can be no reason for its interference, for the husband may take his own. But equity, when a proper case is made, will restrain the husband from taking the property of his wife, which he might otherwise lawfully appropriate, until he makes a due settlement upon her. Whenever there is any of the wife's property *in transitu* to the husband, if, before it absolutely vests in him, both in possession and in absolute right, a court of equity either has it or can lay hold of it, it may detain it from him till a settlement of the part, or, sometimes, of the whole, is made for the benefit of the wife and children.

In doing so, it does not make a compromise with the husband by giving him any other or better right or title to so much of the fund as he still receives than he had before. In the eye of equity this estate belongs to Mrs. Highley, and she had a right to have it, or a part of it, set apart and secured to herself, if her husband neglected to support her, and was eating up her substance.

But the court, by its decree, could not give to the husband any portion of the property of the wife, and it did not attempt to do so, and its decree has no such effect. All rights and claims which the husband had to this property were by virtue of the marriage; and after the decree directing the

trustee to pay three-fifths to the wife, his rights to the remaining two-fifths vested on the same title of marriage. In case of divorce, the guilty party forfeits all rights and claims under and by virtue of the marriage (Wag. Stat. 535, sec. 8) ; and when, as in this case, the wife obtains the divorce, all property that came to the husband by means of the marriage, that remains undisposed of at the time of filing the petition, reverts to the wife. Wag. Stat. 535, sec. 9. The divorce obtained by the wife from the husband must be considered in law as the death of the husband, and the wife is looked upon as his widow. The wife is placed exactly in the same position that she could have otherwise occupied had her husband died. *Wood* v. *Simmons*, 20 Mo. 365. By the decree of the Iron Circuit Court, Nathaniel Highley was to receive two-fifths of this fund as his own during the joint lives of himself and his wife ; that period has reached its term. Their joint life is ended as completely as if Highley, by death, had been removed to another state of existence. From the date of the divorce Mrs. Highley became entitled, as against her former husband, to the entire fund. It is admitted that the trustee has in his hands the sum for which judgment was rendered, not having paid it to Nathaniel Highley, nor to any one claiming to represent him.

The judgment of the Circuit Court is affirmed. All the judges concur.