## BATTEY *v.* BAYARD *el al.*

1. An interest in property that ceased at death could not be administered as part of the estate of the decedent.
2. A receivership of property of cotenants or joint owners, all of whom are sui juris and solvent, is not authorized when one of them objects.

No. 3954. MARCH 13, 1924. REHEARING DENIED MAY 15, 1924.

Receivership, etc. Before Judge Wright. Floyd superior court. July 25, 1923.

*Henry Walker,* for plaintiff in error.

*Denny & Wright* and *Troutman & Troutman,* contra.

PER CURIAM. Mrs. Martha B. Battey conveyed to M. L. Troutman as trustee, "for the use, benefit, and behoof of Mrs. Grace B. Bayard, W. C. Battey, Mrs. Mary B. King, Mrs. Bessie Troutman, and Mrs. Mattie Crichton, children of the grantor, to whom the same goes in fee simple as a present estate, the use, however, to be postponed until after the death of the party of the first part, grantor herein, and in the meantime for her use during her life, and for the ultimate use and benefit of her children above named," several described parcels of real estate; reciting further that "this deed and conveyance . . leaves out the grantor's two sons, George M. and Henry H. Battey, because each of them has heretofore had his full share of said estate; but should my son, Henry H. Battey, pay back to the trustee in this conveyance the sum of five thousand dollars, which I recently paid to his second wife, Margaret Sinclair Battey, as permanent alimony, then he shall become equal sharer in the estate with the above-named children. In case he does not pay said $5000, he shall not have any further share in the estate." A petition was filed by Mrs. Bayard, George M. Battey, Mrs. Crichton, and Mrs. King, reciting that Mrs. Martha B. Battey had died in February, 1922; that upon his death Troutman was succeeded as trustee by Max Meyerhardt, who was appointed by the superior court of Floyd County; that Max Meyerhardt had died, and D. J. Meyerhardt had qualified as executor upon his estate; that W. C. Battey died intestate on or about August 3, 1917, leaving as his only heirs at law the petitioners, Mrs. Bessie B. Troutman, and Henry H. Battey; that much of the property conveyed by the deed above mentioned had been converted into cash, which had been loaned upon the security of real estate; that one of these loans was due, and the borrower was

desirous of repaying the same and procuring cancellation of the lien; that the remainder of the real estate covered by the trust deed was then rented, and should be managed and controlled by some discreet person by order of the court; and that there was no person legally entitled to take possession of, manage, and control the real estate or to accept payment of loans and cancel liens on property of borrower given to secure said loans. They prayed the appointment of a receiver to take charge of and administer the trust for the benefit of those interested; that defendants be restrained by injunction from interfering with the possession and management of the property by the receiver; that the receiver be authorized to sell the remaining real estate; and that the trust estate be wound up and the proceeds distributed to the beneficiaries.

H. H. Battey alone filed an answer, resisting the appointment of a receiver upon the ground that "the person seeking it was on May 8 appointed administrator of said estate [that is, Mrs. Martha B. Battey's estate], and is in charge. The remnant of said estate does not require the burden of a receivership, and, being largely realty in hands of Smith, agent, it needs no further attention, and cannot be spirited away. A receivership is a luxury, needless expense to the heirs, and cannot serve any useful purpose because the administrator is charged with every duty a receiver could render." The court appointed a receiver and granted the injunction as prayed. Error is assigned upon this judgment.

1. The interest in the property held by Mrs. Martha B. Battey ceased and determined on her death, and could not be administered as a part of her estate.

2. An administrator can be appointed to represent the deceased heir and appear for the estate of W. C. Battey, deceased. Where tenants in common or joint owners of property are all sui juris and none of them insolvent, so far as appears from the record, the appointment of a receiver is unauthorized where one of the parties at interest objects.

*Judgment reversed. All the Justices concur, except*
ATKINSON and GILBERT, JJ., dissenting on the ground that it was in the discretion of the judge, under the facts of the case, to appoint a receiver.