36672. COLE et al. v. THRASHER et al.

NICHOLS, Justice.

Appellants, four nieces and nephews of L. B. and Rosa Cole Dodson, brought this action to quiet title under Code Ann. § 37-1411 et seq. The superior court adopted the special master's conclusion that appellants had no interest in a 246-acre tract previously owned by L. B. Dodson. This court reverses.

In April 1963, L. B. Dodson conveyed his 246-acre tract to Rosa Cole Dodson. The warranty deed states in pertinent part: "L. B. Dodson . . . by these presents, do grant . . . convey and confirm unto [Rosa Cole Dodson], heirs and assigns, all the following described property, to wit: [the 246-acre tract is described]. This deed grants a life estate in and to the above described property for her use during her natural life and at her death to be divided equally among her and my nieces and nephews, share and share alike."

Two months later, in July 1963, L. B. Dodson again conveyed his 246 acres to Rosa Cole Dodson. In this second deed, however, he purportedly reserved a life estate for himself. In addition, upon his death Rosa Cole Dodson was to have a life estate, and upon her death their nieces and nephews were to divide the estate equally. This second deed also stated that "[t]his deed is made for the purpose of clarifying the deed and instrument made by [L.B. Dodson in April 1963]." After making these conveyances, L. B. and Rosa Cole Dodson purported to make nine other conveyances in fee simple to several of the appellees. The four appellants brought this action to establish their individual title to a one-twelfth interest in the 246-acre tract as the nieces and nephews who are the remaindermen named in the April 1963 deed. The other eight remaindermen have quitclaimed

that portion of their individual one-twelfth interests which is now owned by appellees Glen and Martha Staples, who purchased approximately 100 acres of the tract from the Dodsons in 1969.

The sole issue in this appeal is whether or not the special master was correct in deciding that the April 1963 deed conveyed the 246-acre tract in fee simple to Rosa Cole Dodson. The special master relied on Code Ann. § 29-109 in deciding that the granting clause of the deed conveyed an estate in fee simple and that this clause took precedence over the language indicating that a life estate was to be conveyed to Rosa Cole Dodson. This court disagrees with such a construction of the deed. "[S]ubstance, rather than technical nicety in the location of clauses in a deed, is controlling, the intention of the parties being now the cardinal rule of construction. [Cits.]" *Mitchell v. Spillars,* 203 Ga. 565, 568 (47 SE2d 564) (1948). The doctrine of repugnant clauses, relied on by the special master, is not favored. The terms of the whole instrument are to be construed together to give effect to the entire deed and to uphold the intention of the grantor. *Henderson v. Sawyer,* 99 Ga. 234 (25 SE 312) (1896); *Burnett v. Summerlin,* 110 Ga. 349 (35 SE 655) (1900); *Simpson v. Brown,* 162 Ga. 529 (134 SE 161) (1926); Pindar, Ga. Real Estate Law, § 19-140 (1979). Cf. Code Ann. § 85-503.

Accordingly, this court holds that the grantor's intention is manifested in his statement that "[t]his deed grants a life estate ..." to Rosa Cole Dodson. Even though this language follows the description of the property, it was the grantor's express intent to convey a life estate, and his intent must be given effect. *Banks v. Morgan,* 163 Ga. 468, 470 (136 SE 434) (1926); *Crews v. Crews,* 174 Ga. 45, 46 (162 SE 107) (1931). If the grantor had not meant to convey a life estate, there would not have been any reason for mentioning it or in dividing the remainder among the nieces and nephews. *Bray v. McGinty,* 94 Ga. 192 (21 SE 284) (1894).

This court has carefully considered the cases relied upon by the appellees. While the case of *McDonald v. Dabney,* 161 Ga. 711 (132 SE 547) (1925) is distinguishable on its facts, its general statement of law that the granting clause of the deed controls other clauses is contrary to the above-mentioned authority and should not be followed. The remaining cases cited by appellees are factually distinguishable from the present case.

The judgment of the trial court, therefore, must be reversed, and the case remanded for further consideration.

*Judgment reversed. All the Justices concur, except Clarke, J., who is disqualified.*

Submitted September 12, 1980 — Decided November 17, 1980.

*Beck, Goddard, Owen & Murray, Richard L. Collier,* for appellants.

*Garland & Milam, Byrd Garland, Haygood, Lynch, Meincke & Waldrep, Randy Meincke, Kenneth R. Waldrep, Fred W. Minter, Smith, Welch & Meadows, A. J. Welch, Jr., A. Ronald Cook,* for appellees.