BRADLEY, Judge.
This is an appeal from an order which held the reservation of a life estate in a deed as void because it was repugnant to the granting clause.
In December 1973 eight cotenants granted to Boyd and Eddie Mae Wade Tanner a joint tenancy with right of survivorship in fee simple. Two of these cotenants, E.L. Wade and his wife, Della, attempted to “reserve this property for and during their joint life and to use this property as they see fit.” This attempted reservation was inserted following the description of the property.
In June 1984 there was an application for Medicaid benefits made for Edd L. Wade. His wife, Della, had died prior to this application for Medicaid benefits. Wade had been admitted to a nursing home and needed Medicaid benefits to help pay medical expenses incurred there.
The application was denied in December 1984 after it was determined that the value of the life estate mentioned above exceeded the financial limit of $1,500. Wade requested an administrative hearing, which was held in March 1985. At the hearing the parties stipulated to the facts and no testimony was taken.
The hearing officer recommended that Wade be eligible for Medicaid benefits, but the Medicaid Commissioner did not concur with the recommendation and denied eligibility.
This determination was appealed to the DeKalb Circuit Court. The trial court found that there was “a conflict between the habendum clause and the granting clause, and that the habendum clause is *655 irreconcilably repugnant to the granting clause conveying a fee.” Therefore, the trial court declared that portion of the deed purporting to reserve a life estate to be a nullity. Wade was eligible for Medicaid benefits.
The Alabama Medicaid Agency (Medicaid) appeals.
On appeal, Medicaid contends that if the intention of the grantor can be ascertained from the “four corners” of the instrument then arbitrary rules should not be used to subvert the intention of the parties to a deed. Medicaid argues that it is apparent from the document itself that Wade intended to retain a life estate in the property and that all the grantors concurred in that result.
The deed states, in pertinent part:
“E.L. Wade, Della Wade, Loyd Wade, Ella B. Wade, Leroy Wade, Maurine Wade, Charles Wade, Joan Wade, as Grantors do hereby grant, bargain, sell and convey unto Boyd Tanner and wife Eddie Mae Wade Tanner Grantees for and during their joint lives and upon the death of either of them, then to the survivors of them in fee simple, together with every contingent remainder and right of reversion, the following described real estate....
[[Image here]]
“E.L. Wade and wife Della Wade reserve this property for and during their joint life and to use this property as they see fit.”
When construing a deed, if the intention of the parties, especially the grant- or, can be ascertained from the document itself, then the rules of construction should not be used. Law v. Law, 381 So.2d 76 (Ala.Civ.App.1980).
In this case the express wording of the reservation of the life estate was “for and during their joint life and to use this property as they see fit.” (Emphasis added.) Joint lives has been defined as the expression “used to designate the duration of an estate or right which is granted to two or more persons to be enjoyed so long as they both (or all) shall live. As soon as one dies, the interest determines.” Black’s Law Dictionary 752 (5th ed. 1979).
In Highley v. Allen, 3 Mo.App. 521 (1877), there was an agreement which stated that all dividends which shall accrue during the joint lives of the parties were to be divided in the manner set out in the agreement. The court stated that the language of the agreement must be interpreted according to its plain meaning. The court held that the termination of the marriage (either by death of one of the parties or divorce) of the parties ended their joint life.
It would appear from the plain meaning of the words in this clause that the grantors intended that the life estate terminate at the death of either E.L. or Della Wade. The record indicates that Della Wade died some six months prior to the time that application for Medicaid benefits was made on behalf of Wade. Therefore, we do not reach the question of whether the reservation of the life estate was void, because even if this deed created a life estate it had terminated prior to the application for Medicaid benefits.
This case is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.