## S93A1515. NEWBORN v. CLAY et al.
(436 SE2d 654)

Fletcher, Justice.

In 1977, while married to each other, James Newborn and Carolyn Clay purchased a four-acre tract of land on which they built their marital home. The property was conveyed to them as tenants in common. They subsequently separated and were divorced in 1983 by a final decree which incorporated their written settlement agreement. Although the agreement made no specific disposition of the four-acre tract, paragraph 15 of the agreement provided:

[T]he parties hereby acknowledge that all marital property was divided at the time of separation; therefore, each party hereby waives any and all rights or claims to any property in

---

the possession of the opposite party.

In June 1990, Clay conveyed her interest in the property by warranty deed to Barry Price. Price thereafter claimed an interest in the property and demanded rent from Newborn. Newborn filed this action in which he alleges that he acquired Clay's interest in the property under paragraph 15 of the agreement and seeks to have the deed to Price set aside and an order requiring Clay to quitclaim the property to him.[1] After completion of discovery, the court granted Clay's and Price's motions for summary judgment and Newborn appeals. We find the court correctly determined that the divorce decree had no effect on the title to the property at issue and affirm its order granting summary judgment in favor of Clay and Price.

The issue on this appeal is whether the agreement incorporated into the divorce decree was sufficient to transfer title to the property. Newborn argues that the parties intended to dispose of the property in paragraph 15 of the agreement but the property is only imperfectly or ambiguously described therein. He contends that a disposition was made, albeit an ambiguous one, and the court should have considered the parties' intent when determining the effect of the divorce decree on the title to the property. We reject Newborn's contentions.

The agreement is not ambiguous; rather, it completely fails to describe and dispose of the property. See *Lee v. White*, 249 Ga. 99 (286 SE2d 723) (1982) (an agreement is not ambiguous simply because it fails to dispose of or make reference to the disposition of property in which both parties have an interest). It has long been the rule that title to property not described in a verdict or judgment is unaffected by the decree and remains titled in the name of the owners as before the decree was entered. *Mitchell v. Mitchell*, 263 Ga. 182 (430 SE2d 350) (1993); *White v. Lee*, 250 Ga. 688 (300 SE2d 517) (1983); *Cale v. Cale*, 242 Ga. 600 (250 SE2d 467) (1978). The rule of law set out in *White* and *Cale* is clear, parties to a divorce decree must specifically describe and dispose of property in which both parties have an interest or the decree will not divest either party of their interest in the property. This is true although title to the personal property of each is adjudicated, *Byrd v. Byrd*, 106 Ga. App. 89 (126 SE2d 270) (1962), and although one party claims after the fact that certain real property not specifically described in the decree was meant to be included in the disposition of property.

Because the property at issue was not specifically described in the agreement incorporated into the divorce decree, title to the prop-

---

[1] It is undisputed that Newborn was in sole possession of the real property when the final decree was entered and remained in possession of the property through the time this action was commenced.

erty was unaffected by the decree and remained titled in the names of both Newborn and Clay as tenants in common. Thus, Clay retained her interest in the property after the decree was entered and was free to convey her interest to Price.

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 2, 1993.

*Edwards & McLeod, Jennifer McLeod,* for appellant.
*Joel E. Dodson, D. Nicholas Winn,* for appellees.