S93A1832. RAULERSON et al. v. SMITHWICK.
(440 SE2d 164)

FLETCHER, Justice.

In 1988 Walter Smithwick III purchased a farm containing about 1,052 acres of land from Dwight L. Raulerson and E. D. Raulerson. As part of that transaction, at closing Smithwick conveyed a .847-acre parcel of that farm to E. D. Raulerson and his wife, Pauline Raulerson, by quitclaim deed. The house in which the Raulersons had lived for many years is located on this small parcel. The deed's granting clause recites that it quitclaims to the Raulersons all of Smithwick's right and title in "A LIFE ESTATE ONLY for the joint lives of [E. D. Raulerson and Pauline Raulerson]" in the described land.

Following E. D. Raulerson's death in 1992, Smithwick filed this action against Pauline Raulerson seeking damages and possession of the small parcel, claiming that the life estate terminated upon E. D. Raulerson's death. Both Smithwick and appellants filed motions for

partial summary judgment on the possession issue. Smithwick's motion was granted by the trial court. Because we conclude that the life estate does not terminate until the death of both Raulersons, we reverse.

The duration of the estate conveyed by deed or other instrument creating a "life estate for the joint lives" of more than one grantee, devisee or beneficiary has not previously been addressed by this state's appellate courts. Nor have the parties provided us with meaningful guidance from other states.

Relying solely upon the definition of "joint lives" contained in Black's Law Dictionary, p. 973 (Rev. 4th ed. 1968), Smithwick contends that the life estate continued only so long as both grantees, E. D. and Pauline Raulerson, remain alive. Black's cites as authority for its definition *Highley v. Allen*, 3 Mo. App. 521, 524 (1877). We find neither Smithwick's contentions nor the holding in *Highley* compelling. The holding in *Highley* primarily hinges upon Missouri statutes existing in the 1800s respecting property brought to a marriage by a woman, the husband's right to control property, and the effect of a divorce on property that came to a husband by virtue of the marriage which remains undisposed of at the time of divorce.

In Georgia a life estate may be "for the life of the tenant or for the life of some other person or persons." OCGA § 44-6-81. The deed from Smithwick to the Raulersons contains no language limiting the estate to the life of the first to die. Specifically, the life estate granted to Pauline Raulerson was neither created for nor limited to the life of E. D. Raulerson, "some other person." We hold that a life estate granted to two or more persons for their "joint lives" does not terminate as to the survivor until such survivor's death, provided the deed or other instrument does not contain specific limiting language directing an earlier termination of the estate granted.[1]

*Judgment reversed. All the Justices concur, except Sears-Collins, J., who concurs in the judgment only.*

DECIDED FEBRUARY 21, 1994.

*Bishop & Lindberg, C. Foster Lindberg,* for appellants.
*Leon A. Wilson II,* for appellee.

---

[1] This holding does not affect the law providing for forfeiture of a life estate. See OCGA § 44-6-83.