S99A0507. CHILDS v. SAMMONS et al.
(516 SE2d 779)

THOMPSON, Justice.

Helen Edna D. Childs brought a petition to quiet title to one-half of a 40-foot-wide tract of land which separates her property and a parcel owned by Ellis Walker Sammons III and Mira W. Sammons (Sammonses). The petition alleged that Childs' interest in the land is based upon written instruments consisting of a deed dated July 15, 1967, and an agreement between Childs' predecessor-in-title and the Sammonses' predecessor-in-title, which was memorialized on a recorded plat (those documents were attached as required by OCGA § 23-3-62 (c)). The City of Gray was named as a potential owner, presumably on the theory that the 40-foot tract may have once been dedicated for public use. The Sammonses answered claiming ownership of the property; the City of Gray denied any interest in the property.

The matter was referred to a special master, who, after hearing evidence, concluded as follows: "the City of Gray has no interest whatsoever in the disputed property and that even though [Childs] has from time to time used the disputed property as a driveway, the preponderance of the evidence clearly shows that the lawful owners . . . are [the Sammonses]." The trial court adopted the special master's report, awarding fee simple title to the Sammonses. However, neither the report of the special master nor the judgment of the trial court provide this Court with a legal basis for that ruling.

" 'The purpose of findings of fact is threefold: as an aid in the trial judge's process of adjudication; for purposes of res judicata and

estoppel by judgment; and as an aid to the appellate court on review.'" *General Teamsters Local Union No. 528 v. Allied Foods*, 228 Ga. 479, 480 (1) (186 SE2d 527) (1971). Because we are unable to ascertain from the report on what theory the property was awarded, we are effectively unable to review the judgment below. "'A bare statement of what the court considered in reaching its conclusions is not a recitation of how those facts give support to or what constitutes the separate conclusions.'" *In the Interest of D. L. G.*, 212 Ga. App. 353 (442 SE2d 11) (1994). Therefore, we must remand this case with direction that the judgment be vacated; that appropriate findings of fact and conclusions of law be made; and a new judgment be entered, after which another appeal may be taken.

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED JUNE 1, 1999.

*Bush, Crowley, Leverett & Leggett, J. Wayne Crowley,* for appellant.

*Anderson, Walker & Reichert, Albert P. Reichert, Jeanna G. Fennell, Charles D. Newberry,* for appellees.