S00A1445. ANDREWS et al. v. BOYKIN et al.

(543 SE2d 12)

HINES, Justice.

Melvin Boykin, individually and as the administrator of the estate of his mother, Bridie Mae Boykin, brought suit in the Superior Court of DeKalb County to quiet title to a parcel of real property. The court referred the matter to a special master, who heard evidence

---

and submitted a report. The court approved and adopted the special master's findings of fact and proposed conclusions of law, and declared that Melvin Boykin held the property in fee simple, and that no one else held any interest in the property. The respondents appeal, and for the reasons that follow, we reverse and remand.

The subject property was acquired in 1965 by then husband and wife, Raymond Boykin, Sr. and Naomi Boykin, as tenants in common. In 1966, they executed a separation agreement, and were divorced in 1967 in Fulton County, incorporating the agreement into the decree. The agreement provided: "each party shall retain and have sole right to those properties now in his or her possession." At the time of the decree, Raymond Boykin, Sr. lived on the property with his mother, Bridie Mae Boykin; Naomi had already left. Neither the separation agreement nor the decree identified any parcel of real property. The agreement and decree were recorded in the deed records of Fulton County; the subject property is in DeKalb County.

After the divorce, Naomi married James Andrews, Sr., and, although there was testimony that after her marriage she and Andrews made some mortgage payments on the property, the special master found that this was not so. In 1986, Naomi Boykin Andrews died intestate. Andrews was named administrator of her estate, and the estate inventory listed real estate including the subject property. In 1987, Andrews issued a quitclaim deed to the property to other heirs of Naomi.

Following the 1967 divorce, Raymond Boykin, Sr. and Bridie Mae Boykin continued to live on the property. Raymond died in 1985, and his heirs Raymond Boykin, Jr. (his son by Naomi) and Kim Boykin (born after the divorce from Naomi) executed quitclaim deeds transferring any interest in the property to Bridie Mae Boykin; she had supplied the down payment for the property in 1965. From 1986 to 1989, she paid the mortgage, taxes, and insurance. Thereafter, until 1997, these expenses were paid by her and her son Melvin Boykin, the brother of Raymond Boykin, Sr. They made improvements to the property. Bridie Mae Boykin died intestate in 1997. As administrator, Melvin Boykin issued himself a deed to the property.

1. The special master concluded that the settlement agreement and divorce decree conveyed the property to Raymond Boykin, Sr., from whom it passed to Bridie Mae Boykin and Melvin Boykin.

It has long been the rule that title to property not described in a verdict or judgment is unaffected by the decree and remains titled in the name of the owners as before the decree was entered. [Cits.] The rule of law . . . is clear, parties to a divorce decree must specifically describe and dispose of property in which both parties have an interest or

the decree will not divest either party of their interest in the property. This is true although title to the personal property of each is adjudicated, [cit.], and although one party claims after the fact that certain real property not specifically described in the decree was meant to be included in the disposition of property.

*Newborn v. Clay*, 263 Ga. 622, 623-624 (436 SE2d 654) (1993). The language in this settlement agreement and decree is not significantly different than that in *Newborn*; there the only reference to any real property was that each party waived any claim "to any property in the possession of the opposite party." Id. at 622-623. Because this settlement agreement and decree did not specifically describe the real property at issue, title to it was unaffected by the decree and after the divorce it remained titled in both Raymond, Sr., and Naomi as tenants in common. Id. at 623-624. See also *Russ v. Russ*, 272 Ga. 438, 440 (3) (530 SE2d 469) (2000).

2. The special master's report recites that

the Special Master finds it significant that the Settlement Agreement entered into by Raymond E. Boykin, Sr. and Naomi Boykin was filed in the DeKalb County Deed Records after their divorce. . . . This act when viewed with the conduct of the parties since their divorce leads to [sic] Special Master to conclude that the parties intended the Separation Agreement to act as a conveyance of the parties [sic] real property.

However, this conclusion was based on an incorrect factual finding. The record does not show that the settlement agreement and decree were filed in DeKalb County's deed records. Rather, they were filed in the Fulton County deed records. Even assuming, but not deciding, that the intent of the parties can overcome the infirmities of the decree as a transfer document, such is not shown here. Filing of the divorce decree in the deed records of a county other than that in which the property lies shows nothing as to any intent to transfer that property.

3. The appellants also contend that the record does not support a finding that the property belonged to Melvin Boykin by adverse possession. However, there is no indication in the special master's report that he concluded that the property had been adversely possessed. Rather, the report recites certain facts and, immediately after discussing the effect of filing the divorce decree in the deed records, see Division 2, infra, simply states that

BASED UPON SUCH FINDINGS OF FACTS, The Special

Master enters the following Proposed Holdings . . . that Fee Simple title to the Subject Property is vested in the Petitioner Melvin Boykin individually. Said holding is based upon a preponderance of the evidence presented at the hearing of this matter.

Thus it appears that the only basis upon which the special master concluded that the property belonged to Melvin Boykin was the divorce decree and its filing.

It must be remembered that " ' "[t]he purpose of [a special master's] findings of fact is threefold: as an aid in the trial judge's process of adjudication; for purposes of res judicata and estoppel by judgment; and as an aid to the appellate court on review." ' [Cit.]" *Childs v. Sammons*, 271 Ga. 161-162 (516 SE2d 779) (1999). The report must show on what theory the property was awarded for this Court to effectively review the judgment below. Id. at 162. " ' "A bare statement of what the court considered in reaching its conclusions is not a recitation of how those facts give support to or what constitutes the separate conclusions." ' [Cit.]" Id. Adverse possession was presented in the petition for quiet title. Accordingly, this case must be remanded for consideration of adverse possession, and any other theories of law not addressed in the special master's report and the trial court's order.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED FEBRUARY 5, 2001.

*J. L. Jordan*, for appellant.
*C. Terry Blanton*, for appellee.