### S04A0698. HOLLIS v. HOLLIS.

(602 SE2d 644)

SEARS, Presiding Justice.

We granted the application for discretionary appeal filed by the appellant, Vanessa Hollis, to consider whether the trial court erred by ruling that the parties' final judgment of divorce awarded one of the parties' homes to the appellee, Jerry Hollis.[1] For the reasons that follow, we conclude that the trial court did not err. Accordingly, we affirm the trial court's judgment.

The final judgment of divorce incorporated the parties' settlement agreement, and that agreement provided that, "[a]s an equitable division of marital property, [Ms. Hollis] shall have and recover exclusive use and possession of the home in which she is currently living." The agreement also stated that, "[a]s an equitable division of marital property, [Mr. Hollis] shall have and recover exclusive use and possession of any and all properties titled in his name or currently in his possession, including a Honda Goldwing motorcycle, a 1983 Ford F-150 pick up truck, and the home in which he is currently living." Moreover, the separation agreement stated that the parties "have amicably divided any and all properties between them and that each party shall have and recover exclusive use and possession of and fee simple title to any property which is currently in that party's possession."

After the final decree was entered, Mr. Hollis requested that Ms. Hollis transfer to him her interest in the home in which he was living at the time of the decree. Ms. Hollis refused to do so, contending that the parties' agreement did not sufficiently describe and dispose of the residence, thus leaving each party owning the one-half interest in the residence that they owned before the decree was entered. Mr. Hollis filed a motion to enforce the trial court's judgment, contending that the language in the agreement and the decree awarded him title to the home in which he was living at the time of the divorce. He sought to have the court enter an order directing Ms. Hollis to transfer her interest in the home to him. The trial court granted Mr. Hollis's

---

[1] The case did not fall under this Court's domestic relations pilot project, but Ms. Hollis's application was reviewed on the merits and granted.

motion, and Ms. Hollis filed an application for discretionary appeal, which this Court granted.

In interpreting agreements that have been incorporated into divorce decrees, this Court seeks to "find the intent of the parties by looking to the four corners of the agreement and in the light of circumstances as they existed at the time the agreement was made."[2] This Court has also stated that, as a general rule, if a divorce decree does not describe certain of the parties' property, the title to that property is "unaffected by the decree and remains titled in the name of the owners as before the decree was entered."[3]

In the present case, looking at the language of the agreement, as well as at the circumstances that existed at the time it was entered, we conclude that the parties intended for title to the home in question to be controlled by the decree. Stated somewhat differently, we conclude that the language of the decree sufficiently describes the property so that title to it is controlled thereby. In this regard, the parties' agreement in this case refers specifically to two pieces of real property that would be equitably divided — the residence in which Ms. Hollis was living and the residence in which Mr. Hollis was living. Moreover, the record establishes that the parties were well aware of the two separate residences, as, when they entered the agreement in May 2000, they acknowledged that they had been living in a state of separation since 1994 and that each had begun living in his or her own separate residence. In addition, the fact that the agreement specifies that each party would have "fee simple title" to any property "currently" in his or her "possession," coupled with the fact that the agreement specifies that each party, as an equitable division of property,[4] was awarded the residence in which he or she was "currently living," demonstrates that the parties intended to have the agreement control title to the residences.

Although Ms. Hollis relies on *Newborn v. Clay*[5] and *Andrews v. Boykin*[6] to contend that the residence in question was not sufficiently described in the decree and thus that the title to the residence was unaffected by it, we conclude that the present case is distinguishable from *Newborn* and *Boykin* and is more similar to *Collins v. Collins*.[7]

---

[2] *Richardson v. Levitt*, 275 Ga. 444, 446 (569 SE2d 534) (2002). Accord *Knott v. Knott*, 277 Ga. 380, 381 (589 SE2d 99) (2003); *Schwartz v. Schwartz*, 275 Ga. 107, 108 (561 SE2d 96) (2002).

[3] *Newborn v. Clay*, 263 Ga. 622, 623 (436 SE2d 654) (1993). Accord *Andrews v. Boykin*, 273 Ga. 386, 387-388 (543 SE2d 12) (2001).

[4] An award of property as equitable division has the effect of awarding title to the property. See, e.g., *Wagan v. Wagan*, 263 Ga. 376, 377-378 (434 SE2d 475) (1993).

[5] 263 Ga. at 622-624.

[6] 273 Ga. at 387-388.

[7] 229 Ga. 222, 223 (190 SE2d 539) (1972).

The agreements in *Newborn* and *Boykin* did not specifically mention any piece of property, but provided that each party was entitled to property in his or her possession.[8] Because of the failure to describe the property in question in those cases, we concluded, in both cases, that the decrees did not affect title to the property in question. In *Collins*, on the other hand, the verdict specifically referred to a house to be awarded to the wife, but did not describe the property in any further detail. On appeal, the husband contended that the verdict was insufficient to award the wife title to the residence because the property was not sufficiently described. We disagreed, ruling that the verdict sufficiently identified the property to be awarded, as "the evidence [left] no doubt that the house was the only house owned by the [husband] and occupied by the [wife]." Similarly, in the present case, the residence in question was the only one owned by the parties and occupied by Mr. Hollis. Thus, the agreement sufficiently identified the property to be awarded to Mr. Hollis.

For the foregoing reasons, we conclude that the trial court did not err in concluding that, under the separation agreement, Mr. Hollis obtained title to the residence in which he was living at the time of the agreement.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 2004.

*Vincent D. Sowerby*, for appellant.
*Thomas G. Smith*, for appellee.

---

[8] See *Newborn*, 263 Ga. at 622-623; *Boykin*, 273 Ga. at 387.