S09A1669. PRICE et al. v. PRICE et al.
(692 SE2d 601)

BENHAM, Justice.

In 1968, for approximately $11,000, Cullen O. Price and his wife Sara purchased property in Twiggs County as joint tenants with rights of survivorship. The warranty deed for the conveyance was recorded in April 1968. When Sara and Cullen Price divorced on July 13, 1973, a separation agreement in the final divorce decree gave Cullen Price a life estate in the property with the requirement Cullen Price convey the remaining interest to appellants Harold Lee Price and Margaret Price Jones, the couple's children, as tenants in common. The divorce decree was not recorded for a number of years. In 1983, after Sara Price's 1982 death, Cullen Price filed an "Affidavit of Facts Affecting Title," falsely attesting that he had acquired full title to the property by right of survivorship. In September 2005, Cullen Price executed a quitclaim deed to his then wife, appellee Lorraine Price, purporting to convey to her a one-half interest in the property for $1 and other valuable consideration.

Nothing in the record shows that the $1 was paid or that any real estate transfer tax was paid at any time. The quitclaim deed was recorded on October 4, 2005. The couple simultaneously procured a loan for approximately $48,000 from appellee Mortgage Electronics Registrations Systems, Inc. (MERS) by encumbering the property through a security deed recorded on October 4, 2005.[1] Two months later on December 11, 2005, Cullen Price died intestate.

On September 1, 2006, appellee Lorraine Price petitioned for a year's support, seeking to have the other half interest in the property set aside for her. Appellants objected and recorded the divorce decree on October 23, 2007, asserting that they had 100% interest in the property. The trial court held that Cullen Price had a life estate in the property that extinguished upon his death, that Cullen Price's Affidavit of Facts Affecting Title was false, that appellees Lorraine Price and MERS were innocent bona fide purchasers for value, that appellants owned one half interest in the property and appellee Lorraine Price the other half, and both interests were subject to the security deed conveyed to MERS. For the reasons set forth below, we affirm in part and reverse in part.

1. A final divorce decree which conveys property has the same force and effect as a deed and establishes title, whether or not the decree is recorded. *Elrod v. Elrod*, 231 Ga. 222 (1) (200 SE2d 885) (1973); *Richardson v. Park Avenue Bank*, 173 Ga. App. 43 (325 SE2d 455) (1984); OCGA § 9-11-70. Therefore, as of 1973, Cullen Price had a life estate interest and the appellants held the remainder interest. At the time Cullen Price executed the quitclaim deed, he could only convey an interest in his life estate. *Rigdon v. Cooper*, 203 Ga. 547, 555 (47 SE2d 633) (1948) ("a life tenant can convey no greater title than he or she may own"). When Cullen Price died in December 2005, his life estate ended and the property did not come into his estate. *Battey v. Bayard*, 158 Ga. 11 (123 SE 11) (1924).

2. The trial court erred when it concluded that Lorraine Price was a bona fide purchaser for value. A prior unrecorded deed may be rendered ineffective by a subsequent purchaser for value without notice. *Archer v. Kelley*, 194 Ga. 117 (3) (21 SE2d 51) (1942). The consideration of a deed is always open to inquiry as to whether it is for valuable consideration or voluntary. *Martin v. White*, 115 Ga. 866, 871 (42 SE 279) (1902). In *Martin v. White*, this Court stated:

> Under the rule allowing the consideration of a deed to be

---

[1] Appellee Lorraine Price filed an affidavit in this case attesting the quitclaim deed was executed in order to procure the loan with MERS because MERS would not allow a loan based on Cullen Price's income alone.

inquired into, evidence is admissible to show the relation of the parties to each other, the circumstances of the grantor, such as his financial condition, etc., the value of the property at the time of the conveyance, whether the consideration stated was actually paid, and, if so, whether the payment was really intended as compensation for the property conveyed, and if not paid, whether the parties intended that it should be paid, or whether the amount inserted as the money consideration was placed in the deed simply for the reason that it was supposed to be necessary, to render the deed valid, that a sum of money should be stated as a part of the consideration. Evidence as to the circumstances above alluded to, and all other circumstances which would throw light upon the question whether the transaction between the grantor and the grantee was a gift or a sale, is admissible in order that the jury may determine from all the facts and circumstances what was the real intention of the parties.

Here, there was evidence that the conveyance was not for valuable consideration: Cullen and Lorraine Price were husband and wife; in her affidavit, appellee Lorraine Price stated that the quitclaim deed was executed to bolster Lorraine and Cullen Price's mortgage loan application; the $1 consideration was trivial in comparison to the property's value (from $11,000 in 1968 to approximately $48,000 or more in 2005); and appellee Price failed to show she paid any consideration for the property. Under these circumstances, the conveyance by quitclaim deed was voluntary and not for value. See *Martin v. White* at 871-873; *Mason v. Carter*, 223 Ga. 2, 3-4 (153 SE2d 162) (1967), overruled on other grounds by *Watson v. Watson*, 235 Ga. 136 (218 SE2d 863) (1975) (property deeded from mother to daughter so that daughter could obtain tax benefits was a voluntary conveyance and not for value); *Pound v. Faulkner*, 193 Ga. 413 (4) (18 SE2d 749) (1942) (to show that one is a bona fide purchaser for value, it must be shown that the consideration was paid). As such, appellee Lorraine Price was not a bona fide purchaser for value and any interest she had in the property by virtue of the quitclaim deed ceased at the time of Cullen Price's death and did not take priority over the later-recorded divorce decree. See *Coleman v. Thomasson*, 160 Ga. 81 (127 SE 129) (1925).

3. The trial court did not err when it determined MERS to be an innocent purchaser for value. OCGA §§ 44-2-1, 44-2-2, 44-2-4 (b); *McDonald v. Taylor*, 200 Ga. 445 (37 SE2d 336) (1946).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MARCH 22, 2010.

*Hilbun & Helton, Jon F. Helton, Kight & Harper, Joshua E. Kight*, for appellants.

*Burr & Forman, David B. O'Dell, James G. Maddox, Robert R. Maddox*, for appellees.