## A11A0078. GREENE v. GREENE et al.
(714 SE2d 650)

PHIPPS, Presiding Judge.

Lynette Greene, individually and in her capacity as executrix of her deceased husband Lloyd Greene's estate, sought a declaratory judgment regarding a 1994 deed which conveyed real property to her and her husband. The trial court entered an order declaring (1) that the deed conveyed to Lynette and Lloyd Greene a joint tenancy with a right of survivorship; and (2) that Lynette Greene was the "sole owner" of the property. Ernest Greene, an heir under Lloyd Greene's will, appealed to the Supreme Court of Georgia, which transferred the case to this Court. For reasons that follow, we reverse the trial court's declaration that the deed conveyed a joint tenancy with a right of survivorship, but we affirm the court's declaration regarding Lynette Greene's ownership of the property.

"The construction of a deed, including the determination of the nature of the estate conveyed, is a question of law for the court."[1] We review the trial court's construction de novo.[2] "In construing a deed, the court's overriding goal is to ascertain and give effect to the intent

[1] *Imerys Marble Co. v. J. M. Huber Corp.*, 276 Ga. 401, 403 (4) (577 SE2d 555) (2003) (footnote omitted).

[2] *Second Refuge Church &c. v. Lollar*, 282 Ga. 721, 724 (2) (653 SE2d 462) (2007).

of the parties."[3] Generally, the parties' intent is determined solely from the text of the deed.[4] Where the language in the deed is unambiguous, a court must enforce the deed as written.[5]

The deed in this case provided that Lloyd and Lynette Greene took the property "as tenants in common, for and during their joint lives, and, upon the death of either of them, then to the survivor of them, in fee simple, together with every contingent remainder and right of reversion, and to the heirs and assigns of said survivor." This language accomplished two things. First, it conveyed to Lloyd and Lynette Greene a life estate in the property,[6] as tenants in common; this life estate terminated upon the death of either of them.[7] Second, the language of the deed conveyed a fee simple estate in remainder to the surviving grantee.[8] Accordingly, upon Lloyd Greene's death, the Greenes' life estate in the property ended and fee simple title to the property vested in Lynette Greene.[9]

OCGA § 44-6-190, which Ernest Greene cites, does not require a different result. Pertinently, that Code section provides:

> Deeds or other instruments of title, . . . taking effect after January 1, 1977, may create a joint interest with survivorship in two or more persons. Any instrument of title in favor of two or more persons shall be construed to create interests in common without survivorship between or among the owners unless the instrument expressly refers to the takers as "joint tenants," "joint tenants and not as tenants in common," or "joint tenants with survivorship" or as taking "jointly with survivorship." Any instrument using one of the forms of expression referred to in the preceding sentence or language essentially the same as one of these forms of expression shall create a

---

[3] Id. at 724-725 (2) (footnote omitted).

[4] Id. at 725 (2).

[5] Id.

[6] See OCGA §§ 44-6-80; 44-6-81.

[7] Compare *Raulerson v. Smithwick*, 263 Ga. 805, 806 (440 SE2d 164) (1994) (holding that where an instrument grants a life estate to two or more persons for their joint lives, the estate does not terminate as to the survivor until the survivor's death, provided the deed or other instrument does not contain specific limiting language directing an earlier termination of the estate granted).

[8] See OCGA § 44-6-60 (a).

[9] See generally *Williams v. Studstill*, 251 Ga. 466, 468-469 (306 SE2d 633) (1983) (discussing transfer of property to two persons to be held by them as tenants in common until one died, at which point the survivor took a fee simple, as conveying to the grantees life estates and contingent remainder interests in fee simple; noting that this was not the same interest as a joint tenancy); Daniel F. Hinkel, 1 Pindar's Georgia Real Estate Law and Procedure, §§ 7-57, 7-73 (6th ed. 2004).

joint tenancy estate [subject to severance under certain circumstances]. . . .[10]

Thus, by its terms, OCGA § 44-6-190 concerns conveyances to two or more persons. The deed at issue here conveyed the life estate to two persons (Lloyd and Lynette Greene) as tenants in common, in compliance with OCGA § 44-6-190. The deed conveyed the estate in remainder, however, to only one person (either Lloyd or Lynette Greene, whoever survived the other). Because the deed did not convey that interest in the property to two or more persons, OCGA § 44-6-190 does not apply.

Ernest Greene also asserts that Lloyd Greene attempted, in his will, to devise his interest in the property to his heirs, and Ernest Greene urges that the deed be construed as having passed Lloyd Greene's interest in the property to his estate. We find no merit in this argument. When the life estate conveyed by the deed terminated upon Lloyd Greene's death, no interest in the property passed to his estate,[11] and any attempt by Lloyd Greene to so devise the property in his will was of no effect.[12]

Ernest Greene advocates for a construction of the deed that is contrary to the deed's language. His proposed construction would treat the interests conveyed to Lloyd and Lynette Greene as fee simple interests rather than life estates, and would ignore the provision conveying a fee simple interest to the surviving grantee upon the other grantee's death. The court properly rejected Ernest Greene's proposed construction.[13] But in declaring that the deed conveyed a joint tenancy to Lloyd and Lynette Greene, the court also construed the deed in a manner contrary to its terms, ignoring the provision granting the Greenes a tenancy in common for their joint lives. Instead, the deed should have been construed to convey first a life estate and then an estate in remainder, so as to give effect to all of its provisions.[14]

---

[10] OCGA § 44-6-190 (a).

[11] See *Price v. Price*, 286 Ga. 753, 754 (1) (692 SE2d 601) (2010). See also Hinkel, 1 Pindar's Georgia Real Estate Law and Procedure, § 7-49.

[12] See *Harbin v. Harbin*, 261 Ga. App. 244, 245-246 (1) (582 SE2d 131) (2003) (an attempted devise of property in a will was of no effect where, pursuant to the terms of the deed granting the decedent title to the property, his title vested in another grantee upon his death).

[13] See OCGA § 44-6-21 (where a deed expressly limits its conveyance to an estate less than a fee simple, the courts shall not by construction increase such estate into a fee); *Cole v. Thrasher*, 246 Ga. 683, 684 (272 SE2d 696) (1980) (construing language in deed to reflect grantor's express intent to convey particular estate or interest described therein, where there would not otherwise have been any reason for inclusion of language in deed). See generally *Taylor v. Smith*, 221 Ga. 55, 56 (2) (142 SE2d 918) (1965).

[14] See generally *Cole*, supra (terms of the whole instrument should be construed together to give effect to entire deed and uphold intention of grantor); *Licker v. Harkleroad*, 252 Ga.

Thus, construing the deed to have conveyed to Lynette Greene a fee simple estate in the property upon Lloyd Greene's death, we affirm that part of the order declaring that Lynette Greene was the "sole owner" of the property;[15] and, for the reasons set forth above, we reverse that part of the order declaring that the deed conveyed a joint tenancy to Lloyd and Lynette Greene.

*Judgment affirmed in part and reversed in part. Andrews and McFadden, JJ., concur.*

DECIDED JULY 11, 2011 —
RECONSIDERATION DENIED JULY 25, 2011 — 

Ernest Greene, *pro se.*
*Andrew & Threlkeld, Reid A. Threlkeld, Paul H. Threlkeld,* for appellees.

---

App. 872, 874 (2) (a) (558 SE2d 31) (2001) (the construction which will uphold a deed in whole and in every part is to be preferred).

[15] See OCGA § 44-6-20 (a fee simple estate is one in which the owner is entitled to the entire property with unconditional power of disposition during his or her life and which descends to his or her heirs and legal representatives upon his or her death intestate).