**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN , JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**March 18, 2013**

# In the Court of Appeals of Georgia

A12A2423. UNITED COMMUNITY BANK v. PACK ET AL.

McFADDEN, Judge.

United Community Bank brings this interlocutory appeal from the denial of its motion for summary judgment in its action to declare Frank Pack the sole owner of a parcel of land he used as security for certain loans. The bank relies on the divorce decree between Frank Pack and his former wife, Jeanette Pack. But that reliance is misplaced. Whatever the effect of the divorce decree on the mutual rights and obligations of the parties to the divorce, the decree does not have the force and effect of a deed as to the subject property because it does not describe that property with the requisite specificity. We therefore agree with Frank Pack and Jeanette Pack that, notwithstanding the terms of the decree, the property remains their joint property; and the denial of the bank's motion for summary judgment must be affirmed.

To prevail on a motion for summary judgment under OCGA § 9-11-56, the moving party must show that there exists no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the nonmoving party, demand judgment as a matter of law. Moreover, "on appeal from the denial or grant of summary judgment the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." (Citations omitted.) *Benton v. Benton*, 280 Ga. 468, 470 (629 SE2d 204) (2006).

Viewed in this light, the evidence showed that Frank Pack and Jeanette Pack were married and owned certain property jointly, including the Union County tract at issue. The Packs divorced in 2000. Pursuant to the divorce decree, Jeanette Pack was awarded

> all right, title and interest in the former marital residence[,] . . . [and] all right, title and interest in the following items of real property: Rich Road property located in Union County, Georgia; Lake Chatuge property located in Towns County, Georgia and the flower shop and all inventory therein located in Union County, Georgia.

The decree provided that Frank Pack would "have all right, title and interest in any property jointly owned by the parties not herein awarded to Plaintiff [Jeanette Pack] as well as any property titled solely in his name and not herein awarded to Plaintiff [Jeanette Pack]." It is undisputed that the property at issue was not awarded to Jeanette Pack in the divorce decree.

Both before and after the divorce, Frank Pack pledged the property as security for loans from the bank. Frank Pack defaulted on the loans. Before the bank began foreclosure proceedings to satisfy the obligation, Jeanette Pack filed and recorded an affidavit in the real estate records asserting that she is a joint owner of the property and that she had not conveyed any interest in the property to the bank.

The bank filed the instant action to clarify the deed and to cancel the cloud on the title in order to pursue foreclosure. The bank then moved for summary judgment, asserting that the divorce decree vested title in the property solely in Frank Pack. The trial court denied the motion based upon the failure of the divorce decree to specify the property. The trial court concluded that "as a matter of law, . . . the divorce decree did not transfer Jeanette Pack's rights to the property to Frank Pack. [The bank] has failed to show that there are no genuine issues of material fact if no rights to the property were transferred by the divorce decree."

The bank filed an application for interlocutory appeal to the Supreme Court, which transferred the application here, finding that

> [t]he trial court did not grant or deny any request for equitable relief and thus the application [did] not invoke [the Supreme] Court's equity jurisdiction. Nor [did] the case involve title to land. . . . Additionally, the application [did] not arise from a divorce action below and thus fail[ed] to invoke [the Supreme] Court's divorce and alimony jurisdiction.

(Citations omitted.) We granted the application and this appeal followed.

"A final divorce decree which conveys property has the same force and effect as a deed and establishes title, whether or not the decree is recorded." (Citations omitted.) *Price v. Price*, 286 Ga. 753, 754 (1) (692 SE2d 601) (2010). It is a long-standing rule

> that title to property not described in a verdict or judgment is unaffected by the decree and remains titled in the name of the owners as before the decree was entered. The rule of law is clear, parties to a divorce decree must *specifically* describe and dispose of property in which both parties have an interest or the decree will not divest either party of their interest in the property.

(Citations and punctuation omitted; emphasis added.) *Andrews v. Boykin*, 273 Ga. 386, 387-388 (1) (543 SE2d 12) (2001) (quoting *Newborn v. Clay*, 263 Ga. 622,

4

623-624 (436 SE2d 654) (1993)). See also *Messaadi v. Messaadi*, 282 Ga. 126, 127 (1) (646 SE2d 230) (2007).

In *Andrews*, the parties had entered a separation agreement that was incorporated into their divorce decree and that provided "each party shall retain and have sole right to those properties now in his or her possession." *Andrews*, 273 Ga. at 387. The husband was living in the property at issue, but neither the separation agreement nor the decree identified any parcel of real property. Id. The Supreme Court held that "[b]ecause this settlement agreement and decree did not specifically describe the real property at issue, title to it was unaffected by the decree and after the divorce it remained titled in both" the husband and wife. Id. at 388 (1).

The bank relies on *Hollis v. Hollis*, 278 Ga. 303 (602 SE2d 644) (2004), but *Hollis* is distinguishable. The settlement agreement incorporated into the decree in *Hollis* specified that each party was awarded the residence in which he or she was "currently living," thereby sufficiently describing a particular piece of property so as to transfer title. Id. at 304-305. And in *Hollis*, the parties' agreement, by its terms, referred to only two parcels of property, "the residence in which [the wife] was living and the residence in which [the husband] was living," id. at 304, as compared to agreements that refer to more uncertain categories of properties, such as all properties

5

in a party's possession, *Andrews*, supra, 273 Ga. at 387, or, as here, all properties not named as going to the wife. Compare *Gonzalez v. Crocket*, 287 Ga. 430 (696 SE2d 632) (2010) (holding that decree that described marital residence at a particular address conveyed that five-acre parcel but did not convey the adjacent 21.9 acre tract, not described in the decree, even though both parcels were subdivided from a 26.9-acre tract of land and adjacent tract did not have a separate address).

Here, the decree specified the property that was to go to Jeanette Pack. It granted to Frank Pack all other property "jointly owned by the parties not herein awarded to [Jeanette Pack] as well as any property titled solely in [Frank Pack's] name and not herein awarded to [Jeanette Pack]." But it did not specifically describe the jointly held property. Because the Packs' divorce decree "did not specifically describe the real property at issue, title to it was unaffected by the decree and after the divorce it remained titled in both" Jeannette Pack and Frank Pack as joint tenants. *Andrews*, 273 Ga. at 388 (1).

*Judgment affirmed. Barnes, P. J., and McMillian, J., concur.*

6